Dustin Robert HOHLT,
Plaintiff/Appellant,

v.

COMPLETE HEALTH CARE, INC., and
Kathie Godsey, Defendants/Respondents.

No. 69847.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 17, 1996.

David M. Kahn, Waterloo, for Appellant.

Robert P. Schmidt, St. Louis, for Respondent.

CHARLES B. BLACKMAR, Senior Judge.

The plaintiff filed a libel suit against Complete Health Care, Inc., a health service provider, and Kathie Godsey, one of its employees. The petition charged that Health Care's employees, in reports to the Division of Aging of the Missouri Department of Social Services, made false, defamatory and malicious statements of and concerning the plaintiff. The defendants moved to dismiss the petition for failure to state a cause of

action, alleging that the statements were contained in reports required to be made to the Division of Aging, and that they were "absolutely privileged." The trial court sustained the motion to dismiss and entered judgment for the defendants. This appeal followed.

The questioned statements read as follows:

I have also heard Bob & his 21 yr. old daughter state that the daughter is pregnant for the 2nd time ĉ [sic] her brother's child (Dustin)

I have also heard Bob & his son Dustin call Mrs. Rice "Crazy" and "Stupid."

"[T]he aide arrived to find Mrs. R. on the floor she had not been hurt. She told the aide that her grandson locks her in the room and hits her."

"The aide told me that she was afraid of him and Mrs. Rice had told her that they beat her. The aide ask who they are and she said her son and grandson."

The petition charges that the first two statements just quoted were reported by defendant Godsey, and the last two by other, unknown employees of Health Care, in the course of their employment. It also states that the grandson referred to is the plaintiff. *See* Rule 55.20.

■ The first, third, and fourth statements are defamatory in the sense of the law because they charge that the plaintiff was guilty of criminal offenses (incest in the first, and assault in some degree in the third and fourth.) The second statement contains insulting and discourteous language, but it is not legally defamatory. *Morton v. Hearst Corp.,* 779 S.W.2d 268 (Mo.App.1989).

Thus, the plaintiff is entitled to a jury trial unless the petition shows on its face that the statements were privileged. The trial court had only the petition before it, and so there is no question of treating the motion to dismiss as a motion for summary judgment.

The defendants argue that there is an absolute privilege, asserting that the statements were required to be made to a quasi-judicial agency. They cite *Barchers v. Missouri Pacific R.R. Co.,* 669 S.W.2d 235 (Mo. App.1984), finding absolute privilege in an exhibit introduced in a hearing before a Public Law Board established pursuant to the Railway Labor Act, and *Remington v. Wal-Mart Stores, Inc.,* 817 S.W.2d 571 (Mo.App.

1991), finding absolute privilege in an employer's letter of protest to the Division of Employment Security objecting to the award of unemployment compensation to the plaintiff. They assert that the Division of Aging is an administrative tribunal and that the absolute privilege is established by the common law because Health Care had a duty to make the reports in question pursuant to section 565.188.1, RSMo.1994.

The pertinent portions of that statute read as follows:

When any physician ... clinical personnel engaged in examination, care or treatment of persons, or other health practitioners ... or other person with responsibility for the care of a person sixty years of age or older has reasonable cause to suspect that such person has been subjected to abuse or neglect or observes such a person being subjected to conditions or circumstances which would reasonably result in abuse or neglect, he shall immediately report or cause a report to be made to the department. . . .

Subsection 2 of the same statute makes failure to report a misdemeanor, and Subsection 3 provides that the making of a false report is a Class A misdemeanor.

Section 565.190, RSMo.1994, provides as follows:

Any person, official or institution complying with the provisions of section 565.188 in the making of a report, or in cooperating with the department in any of its activities pursuant to sections 565.186 and 565.188 ... *shall be immune from any civil or criminal liability for making such a report ... unless such person acted negligently, recklessly, in bad faith, or with malicious purpose.*

(emphasis added).

■ This statement of immunity defines a qualified privilege, rather than an absolute privilege. *Henry v. Halliburton,* 690 S.W.2d 775, 781 (Mo. banc 1985); *Ramacciotti v. Zinn,* 550 S.W.2d 217, 224 (Mo.App.1977). These cases point out that the concept of absolute privilege is rarely applied, and that a plaintiff may still prevail in most privilege situations if it can be shown that the person publishing false defamatory statements acted with malice. The statute just quoted, indeed,

goes beyond the traditional definition of absolute privilege in denying the privilege to statements which are negligently made.

The defendants give attention to the statutory language, but argue that they rely on the common law rather than on the statute. The statute providing the duty to report, however, defines a privilege which is qualified rather than absolute, and it is reasonable to conclude that the legislature, in defining the privilege conferred, intended that no other privilege apply. We are inclined to question the defendants' assertion that either the Department of Social Services or the Department of Aging is an administrative tribunal, but need not decide the point because the statute expressly delimits the privilege which is recognized.

■ The plaintiff, therefore, may prevail if he pleads and proves malice or the equivalent as recognized by section 565.190. Under Rule 55.15, malice may be averred generally. It is charged that the statements set out in the petition were never made and that the employees of Health Care acted "willfully, wantonly, and maliciously" in reporting the statements. The petition adequately pleads the exception to the statutory language.

We hold simply that the plaintiff is entitled to a jury trial on the issues raised by the petition. We do not hold that the plaintiff has made a case for the jury. The burden of proving malice is on the plaintiff, and he must do so by evidence. He does not make a case simply by showing that employees of the corporate defendant made the reports in question and that the reports contain false statements. The materiality of the statement may be important in determining malice. The trial court, at the close of the plaintiff's case, and at the close of all the evidence, must decide whether a case for the jury has been made.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

AHRENS, C.J., and CRANDALL, J., concur.