## NICKOVICH v. MOLLART, ET AL.

No. 2815

March 1, 1929.

274 P. 809.

*H. Pilkington,* for Appellant:

*Platt & Sanford,* for Respondents:

## OPINION

By the Court, SANDERS, J.:

This is an appeal from a judgment of dismissal of the plaintiff's action, entered upon an order sustaining the defendant's demurrer to the second amended complaint filed in the cause. The complaint reads as follows:

"That during the month of October 1925 there was heard in this District Court of the State of Nevada for the Eighth Judicial District in and for Lyon County, the application of one Tom Markovitch for citizenship in the United States of America. That this plaintiff was not a party to the said application but that the former husband of the plaintiff was a partner of the said

Tom Markovich and the husband of the plaintiff is now deceased and since the decease of her said husband has been a partner and co-owner with the said Tom Markovich in a ranch business in Smith Valley, Lyon County, State of Nevada.

"That during the month of October 1925 in the course of the said proceeding and at other times during the said month of October in Lyon County, Nevada, and at Yerington, Nevada, the defendants E. W. Mollart and Eleanor Mollart falsely and maliciously and with the intent to injure the plaintiff and to do her harm, spoke in the hearing of the court, the judge thereof and the officers of the said court, the attending clerk, the Sheriff of Lyon County, the witnesses and the spectators, attending the court, and the U. S. Examiner in Naturalization, and sundry other persons: false and slanderous words concerning the plaintiff, that the plaintiff was guilty of adultery with the said Tom Markovich and that the said Tom Markovich was the father of the children of the plaintiff, born to her while living in lawful wedlock and still married to her husband, Nick Nickovich, now deceased; that the plaintiff had been sold by her said former husband, now deceased, to Tom Markovich for immoral purposes; that the plaintiff was a willing white slave, that the children of the plaintiff and of her said former husband, were the children of Tom Markovich and not of her said husband, and that plaintiff was guilty of adultery and lewd cohabitation with the said Tom Markovich.

That all of said statements of the defendants were untrue and false and the defendants knew that the said statements made by them were untrue and false and that the said statements were malicious and intentionally and knowingly malicious. That the said statements were made to harm and discredit the plaintiff and were the fruit of the sheer malice of the defendants."

The defendant demurred to the pleading upon several grounds: (1) That there is a defect or misjoinder of parties; (2) that several causes of action have been

improperly united; (3) that the complaint is ambiguous, unintelligible, and uncertain; (4) that the complaint does not state facts sufficient to constitute a cause of action, in that it affirmatively appears therefrom that the purported statements attributed to the defendants were made during a judicial hearing in the court below in the matter of the application of Tom Markovich to be admitted as a citizen of the United States, and that all the statements made in the course of that judicial proceeding were and are privileged.

■ The basic question for determination is whether the defamatory statements set forth in the pleading are privileged. Counsel for appellant seems to contend that a naturalization proceeding is ex parte, and that the rule of privilege does not extend to an ex parte proceeding. It is now settled that naturalization proceedings before courts having the necessary jurisdiction are judicial, not administrative, in character, and that in "passing upon the application the court exercises judicial judgment." In Re Stasinopulos (D. C.) 21 F. (2d) 71; Tutun v. United States, 270 U. S. 568, 46 S. Ct. 425, 70 L. Ed. 738.

■ It must be conceded that, where a witness testifies in the regular course of legal proceedings and under the directions of the court, he is not liable for the answers he may make to questions put to him by the court or counsel, provided the answers of the witness are relevant and pertinent to the subject of inquiry, whether or not they are false or malicious. See 36 C. J. 1250–1257, and cases cited in notes.

■■ The pleading in this instance is liable to criticism, in that it states inferences and conclusions rather than direct allegations. It is held that, where nothing is shown in the complaint except that an alleged slanderous statement was made by the defendant as a witness in a judicial proceeding, the same must be regarded as absolutely privileged. Hutchinson v. Lewis, 75 Ind. 55. So in the absence of any averment in the complaint to the contrary, we must presume that the answers were relevant and pertinent to the subject of inquiry. Liles v. Gaster, 42 Ohio St. 631.

It is clearly inferable from the allegations of the complaint under review that the subject of inquiry was the qualifications of Tom Markovich to become a citizen of the United States, and it is also inferable from the allegations of the complaint that his application was opposed by the government upon the ground that the appellant had not behaved as a man of good moral character as to entitle him to citizenship.

■ An applicant for citizenship must allege in his petition the fulfillment of all conditions upon the existence of which his alleged right is made to depend, and must establish these allegations by competent evidence to the satisfaction of the court. Tutun v. United States, supra.

It is inferable from the allegations of the complaint that the application of Tom Markovich was opposed upon the ground that he did not possess all of the qualifications made requisite by the naturalization act of Congress of June 29, 1906 (34 U. S. Stats. at Large, 596, c. 3592, sec. 4; 8 USCA, sec. 382).

The naturalization act provides that, to authorize the naturalization of an alien it must be shown that he "has resided continuously within the United States, five years at least, and within the state or territory where such court is at the time held one year at least," before his application, and that during that time, "he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

■ Under the accepted standard in this country, a person committing adultery is an immoral person, and admission of such a person to citizenship is contrary to the provisions of the statute and illegal. United States v. Unger (D. C.) 26 F. (2d) 114.

The fact that defendants, as witnesses in the matter of the application of Tom Markovich for citizenship, charged the plaintiff with being the person with whom the applicant committed adultery, does not deprive them

of their protection under the rule of absolute privilege.

For the reasons stated, we conclude that the demurrer to the complaint was properly sustained, and the judgment of dismissal of the action is affirmed.

ON PETITION FOR REHEARING

April 10, 1929.

*Per Curiam:*

Rehearing denied.