LEWIS KNOX, Appellant, *v.* JUDY DICK and ROSA DOBSZEWICZ, Respondents.

No. 13411

June 22, 1983                                        665 P.2d 267

*Jerry Collier Lane,* Las Vegas, for Appellant.

*Colucci, Minagil & Aurbach,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Knox commenced this action against respondents Dick and Dobszewicz, and a third defendant Lyn Newman who is not a party to this appeal, alleging defamation and intentional infliction of mental distress. Respondents Dick and Dobszewicz moved to dismiss the complaint as it related to them, asserting that the alleged defamatory statements were privileged and that the statute of limitations barred recovery as to certain of the statements. The motion to dismiss was granted and the causes of action against respondents herein were dismissed with prejudice. Knox appealed.

The first issue which must be addressed is whether the order at issue is final and appealable. NRAP 3A(b). The record does not reflect an adjudication of the claims asserted against defendant Lyn Newman. When an action involves multiple parties, final judgment may not be entered as to fewer than all of the parties unless the court expressly determines that there is

no just reason for delay and expressly directs the entry of judgment. NRCP 54(b). The judgment which is the subject of this appeal does not contain the express determination required by the rule and thus is not final or appealable. First Western Savings and Loan Ass'n v. Steinberg, 89 Nev. 582, 517 P.2d 793 (1973); Donoghue v. Rosepiler, 83 Nev. 251, 427 P.2d 956 (1967).

This court issued an order to show cause why the appeal should not be dismissed due to the jurisdictional defect. In response, the district court entered an adjudication containing the certification required by NRCP 54(b).[1] The determination was apparently made *ex parte*.[2] No notice of appeal was filed subsequent to the new order.

It is clear that this court did not obtain jurisdiction of the appeal from the original order of dismissal. Mid-Century Ins. Co. v. Cherubini, 95 Nev. 293, 593 P.2d 1068 (1979). An appeal from a non-appealable order does not divest the trial court of jurisdiction. Wilmurth v. District Court, 80 Nev. 337, 393 P.2d 302 (1964); Resnik v. La Paz Guest Ranch, 289 F.2d 814 (9th Cir. 1961). Therefore, although the trial court had jurisdiction to enter the order creating the final judgment, we must now determine whether the notice of appeal may operate prospectively so as to effect an appeal from the subsequently-filed order. The notice of appeal, under previous case authority, may have been deemed to be premature and ineffective. Johns-Manville, Inc. v. Lander County, 48 Nev. 244, 229 P. 387 (1924); Elko-Tuscarora Co. v. Wines, 24 Nev. 305, 53 P. 177 (1898). The court in *Johns-Manville* and *Elko-Tuscarora* was not presented with the procedural context which exists in this appeal, and we have determined that in this context the

---

[1]The new adjudication was entered by the district court *"nunc pro tunc."* Because of our analysis of the appealability issues, *infra,* we need not decide whether the new judgment was properly designated *"nunc pro tunc." See* State ex rel. Welfare Div. v. Vine, 99 Nev. 278, 662 P.2d 295 (1983).

[2]In order to decide this recurring problem of appellate practice, and because respondents have not raised the issue, we have elected to ignore the procedure employed in the trial court to procure the new orders. Our opinion, however, should not be considered as an approval of such *ex parte* orders. The determinations made pursuant to NRCP 54(b) are matters to be considered carefully and should not be entered routinely or as an accommodation to counsel. *See* Panichella v. Pennsylvania Railroad Company, 252 F.2d 452 (3d Cir. 1958). Such orders should only result after notice and an opportunity to be heard.

prematurity of the notice of appeal should be treated as a technical defect not affecting substantial rights. *See* Firchau v. Diamond National Corporation, 345 F.2d 269 (9th Cir. 1965).

Thus, when the trial court has not been divested of its jurisdiction due to a purported appeal from a non-appealable order, and when it enters an order which corrects the defect in appealability, a notice of appeal from the first order will be regarded as directed to the subsequently-entered final judgment. *See* Ruby v. Secretary of United States Navy, 365 F.2d 385 (9th Cir. 1966). Accordingly, jurisdiction over this appeal has vested in this court and we may address the merits.

Knox's complaint alleged that between September 1, 1978, and December 31, 1978, each respondent made defamatory statements concerning appellant. These statements were made to appellant's superiors (who were also respondents' superiors), members of the police department, and members of the Clark County Personnel Grievance Board.

Respondents filed a motion to dismiss the complaint, which was treated as a motion for summary judgment. *See* NRCP 12(b)(5). The grounds for respondents' motion were: (1) all of respondents' statements were absolutely privileged and therefore the complaint failed to state a cause of action upon which relief could be granted; and (2) any claim based upon the statements was barred by the 2-year statute of limitations pursuant to NRS 11.190(4)(c) and therefore the complaint, filed October 20, 1980, failed to state a cause of action.

The court's order does not specify the ground upon which summary judgment was granted. A review of the court minutes, however, reveals that the court found that the grievance board was quasi-judicial in nature.

Thus, the issue presented is whether the privilege granted to a witness in the regular course of legal proceedings extends to a witness testifying before the Clark County Personnel Grievance Board.

It is clear that a witness who testified in the regular course of judicial proceedings is not liable for the answers he makes to questions put to him by the court or counsel. All answers by the witness which are relevant to the subject of the court's inquiry are covered by this privilege. Nickovich v. Mollart, Et Al., 51 Nev. 306, 274 P. 809 (1929).

The respondents submit that the privilege also extends to statements made in the course of quasi-judicial proceedings. It

is now well established that the absolute privilege is applicable not only to judicial but also to quasi-judical proceedings, and that defamatory statements made in the course of those proceedings are privileged. Rainier's Dairies v. Raritan Valley Farms, 117 A.2d 889 (N.J. 1955); Restatement (Second) of Torts § 588 (1977); 45 A.L.R.2d 1298 (1956).

By granting an absolute privilege to statements made before a quasi-judicial body, the right of individuals to express their views freely upon the subject under consideration is protected. We therefore conclude that statements made in the course of quasi-judicial proceedings are absolutely privileged. *See* Jenson v. Olson, 141 N.W.2d 488 (Minn. 1966).

The appellant contends that even if the privilege does extend to quasi-judicial bodies, the administrative board in the present case did not perform a quasi-judicial function. We disagree.

The guidelines for the Clark County Personnel Grievance Board are set forth in Clark County Code 2.40.100 and 2.40.120. Those guidelines include the taking of evidence only upon oath or affirmation, the calling and examining of witnesses on any relevant matter, impeachment of any witness, and the opportunity to rebut evidence presented against the employee.

These guidelines indicate that the Grievance Board hearings are conducted in a manner consistent with quasi-judicial administrative proceedings. *See* Engelmohr v. Bache, 401 P.2d 346 (Wash. 1965). We therefore hold that the respondents did have the benefit of absolute privilege when they appeared before the Grievance Board.[3]

Affirmed.[4]

---

[3]We note that the complaint alleges that certain statements were made by the respondents prior to the hearing. Appellant makes no argument that these statements, which related to respondents' contemplated grievance, were not also cloaked with the privilege. *See* Ascherman v. Natanson, 100 Cal.Rptr. 656 (Ct.App. 1972).

[4]In light of our holding, it is unnecessary to decide whether the complaint was barred by the statute of limitations.