RALPH LEWIS AND RANDY TITUS, APPELLANTS, *v.* RAY BENSON AKA RAY BENYOCK, RESPONDENT.

No. 16131

June 21, 1985                                              701 P.2d 751

*Fadgen, Lovell, Bilbray, Potter* and *Gewerter,* Las Vegas, for Appellants.

*Harding and Dawson, George T. Bochanis,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The present defamation and intentional infliction of emotional distress action grew out of a complaint filed with the Las Vegas Metropolitan Police Department by the respondent, Ray Benson. The complaint alleged misconduct on behalf of the appellants, Officers Ralph Lewis and Randy Titus. The Internal Affairs

Bureau investigated the incident and determined the complaint to be "unfounded." Subsequently, the officers brought this action against the respondent.

The district court found the investigation performed by the Internal Affairs Bureau to be a quasi-judicial proceeding. Thus, Benson was accorded immunity from civil liability for the statements made in his complaint.

A review of the record reveals little evidence concerning the procedure followed by the Internal Affairs Bureau during the investigation. Without determining whether sufficient evidence supported the district court's finding that the investigation was a quasi-judicial proceeding, we hold that the public policy of this state demands that Benson be absolutely privileged from civil prosecution for defamation or intentional infliction of emotional distress.

In certain situations it is in the public interest that a person speak freely. Where this is so, the law is willing to assume the risk that from time to time the privilege will be abused. This case represents just such a situation.

It has been held that an absolute privilege extends to those occasions where a citizen files a complaint with an internal affairs bureau against a police officer. Campo v. Rega, 79 A.2d 626, 433 N.Y.S.2d 630 (1980). The extension of the privilege promotes the public's interest by allowing civilian complaints against public officials to be aired in the proper forum without fear of civil liability. *Id.* Absent the extension of such privilege, the protection from civil liability afforded the complainant hinges on an *ad hoc* determination that the particular proceeding will be deemed quasi-judicial in nature. Such an uncertainty could result in deterring citizens from filing legitimate complaints. Thus, the application of an absolute privilege to civilians filing complaints with an internal affairs bureau sufficiently promotes the interests of the public to warrant the availability of an absolute privilege.

Accordingly, the judgment is affirmed.