CAMPUS VILLAGE SHOPPING CENTER TRUST, HAROLD R. SHULER, Trustee, dba CAMPUS VILLAGE CENTER, Appellant and Cross-Respondent, v. JOE W. BROWN and LEON WILEY, dba CAPTAIN AMERICA'S, et al., Respondents and Cross-Appellants.

No. 16237

February 20, 1986                                   714 P.2d 566

[Rehearing denied November 3, 1986]

*Albright, Stoddard, Warnick & Albright,* Las Vegas, for Appellant and Cross-Respondent.

*Jones, Jones, Close & Brown, Will Kemp* and *Kirk R. Harrison,* Las Vegas, for Respondents and Cross-Appellants.

## OPINION

*Per Curiam:*

In August 1978, respondents/cross-appellants Joseph W. Brown and Leon Wiley (Wiley) dba Captain America's leased space in the Campus Village Shopping Center in Las Vegas. The lessor granted Captain America's the exclusive right to offer live

entertainment in the shopping center. The lessor also granted Captain America's the exclusive right to a cocktail bar license in the center. Appellant Campus Village Shopping Center Trust, Harold R. Shuler, trustee, dba Campus Village Center (Campus Village Center), thereafter purchased the shopping center from the lessor.

In June 1982, the lessee of the property directly below Captain America's, Phillip Boeckle (Boeckle), opened a restaurant-night club called P. T. Boeckle's at which a disc jockey announced records over a microphone and patrons danced to the music. At P. T. Boeckle's, the bartender served hard liquor directly to customers in violation of the bar's service bar license. Captain America's sales declined after P. T. Boeckle's opened and Captain America's then failed to pay rent from March 1983 until it closed in August 1983. Campus Village Center filed a complaint seeking the rent due; Captain America's counterclaimed alleging breach of exclusive rights. The jury returned verdicts in favor of Campus Village Center in the amount of $46,668.18 and in favor of Captain America's on the counterclaim in the amount of $267,253. This appeal ensued.

During trial, and outside the presence of the jury, Campus Village Center sought permission of the court to elicit from Boeckle testimony to the effect that he had observed Wiley, who managed Captain America's, intoxicated and "high" during Captain America's business hours. Captain America's counsel thereupon threatened to sue Boeckle and Campus Village Center's counsel for slander if Boeckle made a false allegation on Wiley's character. Boeckle then refused to answer the question. Campus Village Center contends the court erred both in refusing to explain to the witness the doctrine of absolute privilege of testifying in judicial proceedings as protection against defamation liability and in failing to order the witness to answer the question. We agree.

The control of the conduct of counsel in trial rests largely in the discretion of the trial judge and will not be disturbed absent an abuse of such discretion. Counsel's behavior in insulting and disparaging a witness in such a way as to imply the witness is about to falsify, where not cured by proper instruction, may be ground for a new trial. Berger v. United States, 295 U.S. 78 (1935); State v. Moran, 121 A. 277 (Conn. 1923); McKinnon v. Lively, 122 P. 124 (Okla. 1912); Burks v. State, 82 S.W. 490 (Ark. 1904). There was no evidence tending to show Boeckle was about to lie about Wiley's character. The district court, when so requested, should have rectified counsel's attack on the witness where the threat was unfair and improper. An admonition to counsel and appropriate instruction to the witness could have

corrected the situation. *See* Nickovich v. Mollart, et al., 51 Nev. 306, 274 P. 809 (1929).

Respondents contend that the trial judge did not preclude non-leading questions to Boeckle that would have elicited testimony concerning the subject of Wiley's alleged on-the-job intoxication. However, we are unpersuaded that any clear indication to that effect occurred. At best, appellant's counsel was left with the obvious impression that he would not be allowed to ask questions bearing on the subject of Wiley's intoxication during business hours. Moreover, the trial judge failed to direct Boeckle to respond to a question concerning Wiley's condition or otherwise allay the witness' fears after Captain America's counsel's highly improper threat of a defamation suit. In fact, the record reflects that counsel for Captain America's had, prior to Boeckle taking the witness stand, threatened Boeckle and counsel for appellants with a slander action if Boeckle's testimony regarding Wiley's intoxication proved false. Such misconduct by counsel is intolerable and totally justifies resolving any doubt as to prejudice and error in favor of appellants.

The judge is charged with the responsibility of providing an effective forum for eliciting evidence on relevant points in a case thereby promoting the fair and expeditious development of facts in the interest of justice and to elicit the truth. The judge, where necessary, must be assertive in assisting a witness who is confused, hesitant or evasive. Poliondakis v. City and County of San Francisco, 276 P.2d 126 (Cal.Ct.App. 1954); United States v. Brandt, 196 F.2d 653 (2d Cir. 1952). Boeckle's reason for not answering the question, viz, that he did not feel it was right to judge another's character, is not recognized as a confidence or privilege warranting refusal to answer. *See* Carr v. District Court, 76 Nev. 403, 356 P.2d 16 (1960). The duty to disclose testimony within one's control is paramount over unprivileged private interests which may be affected. *Id.;* McMann v. Securities and Exchange Commission, 87 F.2d 377 (2d Cir. 1937). In light of the threat to Boeckle, the district court should have ordered Boeckle to answer the question after assuring him that his testimony would be absolutely privileged and a complete defense to defamation liability.

The evidence that the manager was intoxicated during working hours was offered to prove that Captain America's profits declined because of ineffective management rather than because of the breach of the exclusive rights clauses of the lease. The testimony regarding the manager's condition was material evidence upon which the jury could have based a finding that the breach of the exclusive rights clause of the lease was not the proximate cause of the decline and ultimate business failure of

Captain America's. This could have resulted in a verdict for Campus Village Center on the counterclaim. The record reveals no other similar evidence from which the jury could have inferred that mismanagement caused the failure of the business. We conclude that the exclusion of Boeckle's testimony resulted in the denial of a fair defense on the counterclaim and accordingly the matter is remanded for new trial on the counterclaim. NRCP 59(a); *see* Lum v. Stinnet, 87 Nev. 402, 488 P.2d 347 (1971).

In light of our disposition of this issue, we need not reach the other contentions raised. Accordingly, the order of the district court is reversed and the matter is remanded for new trial on the counterclaim. In all other respects, the judgment is affirmed.