An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

AARON CROMER,
Appellant,
vs.
BRISTOL WEST INSURANCE GROUP;
AND COAST NATIONAL INSURANCE
COMPANY,
Respondents.

No. 63385

**FILED**

JUL 3 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment on a jury verdict in an insurance action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant Aaron Cromer was seriously injured in a car accident while riding in a car driven by William Wilson. Cromer obtained a judgment against Wilson, and Wilson assigned to Cromer his claims against respondents Bristol West Insurance Group and Coast National Insurance Company (collectively, Coast) relating to Coast's insurance-claim handling. Cromer filed suit against Coast on Wilson's assigned claims, and Coast prevailed at trial on a jury verdict, after which Cromer moved for judgment as a matter of law or a new trial, which motions the district court denied. Cromer appeals, arguing the district court erred in denying his motion for judgment as a matter of law and abused its discretion in denying his motion for a new trial. We disagree. *See Nelson v. Heer*, 123 Nev. 217, 223, 163 P.3d 420, 425 (2007) (reviewing de novo an order denying a motion for judgment as a matter of law, and reviewing an order denying a motion for a new trial for abuse of discretion).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-23166

*Motion for judgment as a matter of law*

First, Cromer argues that he was entitled to judgment as a matter of law because Coast breached its duty to settle by failing to offer the policy limits early on or to otherwise adopt a settlement agreement proposed by Cromer and Wilson. An insurer must settle claims promptly, fairly, and equitably once its liability becomes reasonably clear. NRS 686A.310(1)(e). "Generally, an insurer who has no opportunity to settle within policy limits is not liable for an excess judgment for failing to settle the claim." *Allstate Ins. Co. v. Miller*, 125 Nev. 300, 315, 212 P.3d 318, 328 (2009) (internal quotation marks omitted). Further, an insurer has no legal duty to accept a stipulated judgment agreement or otherwise pay an amount exceeding the policy limits. *Id.* at 319, 212 P.3d at 331. The record shows that Coast's representatives made ongoing efforts to verify Cromer's injuries. Cromer's assertion that he was willing to settle and sought to settle in the 51-day period is not credible, as no testimony supported this contention, Cromer was comatose or barely conscious for much of the period, and the log notes show a lack of cooperation with Coast. Moreover, the proposed settlement agreement provided that Coast would pay at least $1.1 or $1.2 million, exceeding the bodily-injury policy limit of $15,000. We conclude that Coast presented sufficient evidence that the jury could find in its favor.

Second, Cromer argues that he was entitled to judgment as a matter of law because Coast breached its claim-processing duties to investigate, to adopt reasonable standards for claims handling, and to inform its insured about his claim. An insurer must adopt and follow reasonable standards for promptly investigating and processing insurance claims. NRS 686A.310(1)(c). Generally, investigations must be completed within 30 days of receiving notice of a claim, unless that timeframe is not

reasonable under the circumstances. NAC 686A.670(2). The record shows that Coast staff made reasonable and ongoing efforts to verify Cromer's injuries and complete its claims processing and that Coast's investigation was slowed—reasonably extending the time needed to complete the investigation—by Cromer's noncooperation and delays in coordinating with medical providers. A Coast employee testified that Coast followed Nevada insurance regulations, and Cromer offers no support for his contention that standards must be written. Coast's prompt decisions that liability applied and a policy-limits offer was warranted strongly suggest that Coast followed reasonable processing standards. Further, the insurer's duty to inform its insured begins only upon receipt of a settlement demand, *Miller*, 125 Nev. at 309, 212 P.3d at 325, and Cromer never made a settlement demand to Coast—his medical-authorization form was not a demand, as it did not state that it was a demand, did not propose settlement terms, and was not signed by him. We conclude that substantial evidence shows Coast followed reasonable investigation and claims-handling standards, and this properly went to the jury.

*Motion for a new trial*

Cromer argues that the district court abused its discretion in denying his motion for a new trial because it was error to admit any evidence of Wilson's intoxication. Cromer timely objected to mention of the 2005 incident, but not the 2002 incident, of which he thus waived his objection. NRS 47.040(1)(a); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52-53, 623 P.2d 981, 983-84 (1981). Cromer's motion in limine was not a continuing objection. *BMW v. Roth*, 127 Nev. 122, 127, 252 P.3d 649, 625-53 (2011). The district court instructed the jury to consider the 2005 incident only as to damages, and Wilson's testimony showed the incident was relevant to his alleged emotional-distress damages. *See* NRS 48.015;

NRS 48.025. Mention of this incident would not cause unfair prejudice, especially as the district court provided a limiting instruction and evidence of this incident was less grave than the unobjected-to 2002 incident that nearly killed Cromer. *See* NRS 48.035(2); *Krause Inc. v. Little*, 117 Nev. 929, 935, 937, 34 P.3d 566, 570-71 (2001). No admonishment or stronger curative instruction was required. *Campus Vill. Shopping Ctr. Trust v. Brown*, 102 Nev. 17, 18, 714 P.2d 566, 567 (1986) (noting that the trial judge has discretion to control counsel's conduct at trial). We conclude that the district court did not abuse its discretion in refusing Cromer's requested relief on this basis.

Additionally, Cromer argues that the district court abused its discretion in denying his motion for a new trial because defense counsel committed misconduct by (1) advocating jury nullification, (2) injecting improper personal opinion, (3) seeking to prejudice the jury with intoxication evidence, (4) presenting perjured expert testimony, and (5) violating a district court order prohibiting the argument that Coast's actions were justified by the need to protect other policyholders. For unobjected-to misconduct, the error is generally waived, though this court may review for plain error. *Lioce v. Cohen*, 124 Nev. 1, 19, 174 P.3d 970, 981-82 (2008). To establish plain error, Cromer must show that the misconduct amounted to "irreparable and fundamental error," i.e., "error that results in a substantial impairment of justice or denial of fundamental rights such that, but for the misconduct, the verdict would have been different." *Id.* at 19, 174 P.3d at 982.

Cromer failed to preserve his objections to counsel's jury nullification advocacy, counsel's alleged improper personal opinion, evidence of Wilson's drunk driving, and the presentation of allegedly

perjured expert testimony. We conclude that Cromer failed to demonstrate plain error because the verdict would not have been different absent the contested comments in light of the considerable evidence supporting the jury's verdict. We also conclude that Cromer failed to show misconduct when he did not support his argument with evidence that Coast improperly sought to prejudice the jury by referencing Wilson's intoxication because that evidence was properly admitted. Cromer's reliance on *Kransco v. American Empire Surplus Lines Insurance Company*, 2 P.3d 1 (Cal. 2000), is misplaced, as that case involved a different factual situation. Finally, we conclude that Cromer did not show misconduct with his argument that Coast violated a district court order relating to discussing other policyholders because the district court barred the parties generally from discussing matters not supported by evidence, Coast's expert's report addressed this matter, and Cromer's counsel conceded that this topic would be proper if addressed in Coast's expert's report. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Jerry A. Wiese, District Judge
Salvatore C. Gugino, Settlement Judge
Christensen Law Offices, LLC
Feldman Graf
John Frederick Querio
Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A