# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAIMON MONROE,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Respondent.

No. 62264

FILED

MAR 1 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a pro se appeal from a district court summary judgment in a forfeiture action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant was found guilty of one count of conspiracy to possess stolen property and/or to commit burglary and 25 counts of possession of stolen property for his part in a series of burglaries. Respondent seized $281,656.73 in connection with the burglaries. Of those funds, $13,825 was seized from appellant's home that he shared with Tonya Trevarthen and $26,938.64 was seized from Trevarthen's bank account that appellant accessed as if it was a joint account he held with Trevarthen. Respondent also recovered $5,634.33 from bail bond companies and $40,002.18 from attorneys that Trevarthen allegedly paid on appellant's behalf. Respondent filed a forfeiture complaint and in support of its summary judgment motion, respondent attached excerpts of the transcripts of Trevarthen's testimony at the grand jury hearing and the jury trial on appellant's criminal charges that the money in the house was proceeds from stolen property and that most of the money in the bank account was proceeds from stolen property. The district court granted

respondent's motion for summary judgment on the underlying forfeiture complaint.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly granted respondent's motion for summary judgment in regard to the money seized from appellant's house and Trevarthen's bank account, but erred in granting the motion concerning the funds recovered from the bail bond companies and the attorneys.[1] *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (explaining that this court reviews a district court's grant of summary judgment de novo); NRCP 56(c) (providing that summary judgment is only appropriate when there is no genuine issue of material fact); *Fergason v. Las Vegas Metro. Police Dep't*, 131 Nev., Adv. Op. 94, 364 P.3d 592, 595-96 (2015) (providing that to support a forfeiture action "the State must establish by clear and convincing evidence (1) that a felony was committed or attempted, and (2) that the funds seized . . . are attributable to or dervied directly or indirectly from the commission or attempt" (internal citation omitted)).

As an initial matter, the district court erred in concluding that appellant's judgment of conviction was conclusive evidence establishing all elements of the forfeiture complaint. *See Fergason*, 131 Nev., Adv. Op. 94, 364 P.3d at 596. While appellant's judgment of conviction can be used to establish that a felony was committed, NRS 179.1173(5) (2001), here it

---

[1]We conclude that the district court had jurisdiction to enter the summary judgment order despite appellant's then pending appeal from an order denying his motion to strike the summary judgment motion because "[a]n appeal from a non-appealable order does not divest the trial court of jurisdiction." *Knox v. Dick*, 99 Nev. 514, 516, 665 P.2d 267, 269 (1983).

cannot be used to establish that the funds seized were attributable to the felony.[2] *Fergason*, 131 Nev., Adv. Op. 94, 364 P.3d at 596. "Possession of stolen property, without more . . . does not establish the funds . . . as the proceeds of those crimes but, rather, his possession of specific items of stolen property." *Id.*

Here, Trevarthen's testimony concerning the money in the house and the bank account established that those funds were directly attributable to the felony. She testified that appellant did not work, he would keep cash from selling stolen property in the house, and that the money in the bank account, other than her income, was money appellant made selling stolen property.[3]

There was no evidence included with respondent's summary judgment motion, however, that established that the funds recovered from the bail bond companies and the attorneys were attributable to the felony.[4] *See Cuzze v. Univ. & Cmty. Coll. Sys.*, 123 Nev. 598, 602, 172 P.3d

---

[2]We note that appellant's conspiracy charge was a gross misdemeanor, not a felony, *see* NRS 199.480, and thus, that charge could not be a predicate for forfeiture under NRS 179.1164 because that statute requires connection to a felony. NRS 179.1164(1)(a).

[3]Appellant would have no interest in Trevarthen's income that was deposited into the bank account and a default was taken against Trevarthen for failing to answer the forfeiture complaint.

[4]Appellant has standing to contest the funds seized from the bail bond companies and attorneys because appellant has claimed an interest in those funds. NRS 179.1158 (defining a claimant in a forfeiture action as a person claiming to have an interest in the property or proceeds *or* a person having possession of the property or proceeds at the time of seizure); *see also Fergason*, 131 Nev., Adv. Op. 94, 364 P.3d at 601 (explaining that a party has standing to challenge a forfeiture complaint if they claim an interest in the property).

SUPREME COURT
OF
NEVADA

(O) 1947A

131, 134 (2007) (explaining that the party requesting summary judgment must introduce evidence entitling it to judgment as a matter of law in the absence of contrary evidence when that party bears the burden of persuasion). Trevarthen's testimony that there were "some instances where I removed money to pay attorney fees" without more evidence does not establish that the funds recovered from the attorneys were attributable to the felony. Accordingly, the district court's summary judgment regarding the funds seized from the house and Trevarthen's bank account is affirmed, but the summary judgment concerning the funds recovered from the bail bond companies and the attorneys is reversed and remanded for further proceedings.[5]

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:   Hon. Douglas Smith, District Judge
      Daimon Monroe
      Marquis Aurbach Coffing
      Clark County District Attorney
      Eighth District Court Clerk

---

[5]We direct the clerk of this court to file appellant's pro se response received on January 11, 2016. To the extent appellant's additional arguments are not addressed herein, we conclude they lack merit and do not warrant relief other than provided in this order.

SUPREME COURT
OF
NEVADA

(O) 1947A