**136 Nev., Advance Opinion 35**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

---

JEFFREY D. SPENCER, AN
INDIVIDUAL,
Appellant,
vs.
HELMUT KLEMENTI, AN
INDIVIDUAL; EGON KLEMENTI, AN
INDIVIDUAL; ELFRIEDE KLEMENTI,
AN INDIVIDUAL; MARY ELLEN
KINION, AN INDIVIDUAL; ROWENA
SHAW, AN INDIVIDUAL; AND PETER
SHAW, AN INDIVIDUAL,
Respondents.

No. 77086

FILED

JUL 09 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

JEFFREY D. SPENCER,
Appellant,
vs.
HELMUT KLEMENTI, AN
INDIVIDUAL; EGON KLEMENTI, AN
INDIVIDUAL; ELFRIEDE KLEMENTI,
AN INDIVIDUAL; MARY ELLEN
KINION, AN INDIVIDUAL; ROWENA
SHAW, AN INDIVIDUAL; AND PETER
SHAW, AN INDIVIDUAL,
Respondents.

No. 77711

---

Consolidated appeals from a final judgment and awards of attorney fees in a tort action. Ninth Judicial District Court, Douglas County; Steven R. Kosach, Senior Judge.

*Affirmed in part, reversed in part, vacated in part, and remanded.*

SUPREME COURT
OF
NEVADA

(O) 1947A

20-25288

Doyle Law Office, PLLC, and Kerry St. Clair Doyle, Reno,
for Appellant.

Lemons, Grundy & Eisenberg and Douglas R. Brown, Sarah M. Molleck,
and Christian L. Moore, Reno,
for Respondent Helmut Klementi.

McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, and Michael A.
Pintar, Reno,
for Respondents Mary Ellen Kinion, Egon Klementi, and Elfriede Klementi.

Tanika M. Capers, Las Vegas,
for Respondents Rowena Shaw and Peter Shaw.

---

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, CADISH, J.:

Appellant sued respondents for, among other things, defamation based on statements they made during the public-comment period of planning-commission and improvement-district meetings, and malicious prosecution following his acquittal on battery and elder abuse charges. As to the defamation claim, the district court separately granted summary judgment to each respondent, relying in part on the judicial-proceedings privilege. Generally, the privilege absolutely protects statements made during judicial proceedings, and therefore those statements cannot form the basis of a defamation claim. This privilege extends to statements made during quasi-judicial proceedings, but the issue here is whether the public-comment periods of planning-commission and improvement-district meetings are quasi-judicial proceedings. We conclude

that in this case, the public-comment portions of the meetings were not quasi-judicial because they lacked the basic due-process protections we would normally expect to find in a court of law. We therefore reverse the district court's orders that relied exclusively on this privilege and the corresponding awards of attorney fees, and remand for further proceedings on the defamation counterclaim. We affirm, however, the district court's adverse summary judgments on appellant's defamation claims that relied on statements that were undisputedly true. We likewise affirm the district court's summary judgments on appellant's malicious-prosecution claim because the district court did not erroneously apply the law in resolving that claim.

## FACTS

This appeal arises from a dispute between neighbors living in the Kingsbury General Improvement District (KGID) of Douglas County. The dispute began when appellant Jeffrey D. Spencer built a fence around his property. Respondents Helmut, Egon, and Elfriede Klementi, Mary Kinion, and Rowena and Peter Shaw complained about the fence at Douglas County Planning Commission meetings and contacted the Douglas County District Attorney's office. At a later KGID board meeting, respondents alleged that Spencer, who operated a snowplow for KGID during the winter, retaliated by blocking their driveways with snow. They also alleged that he used a snowplow to cover Egon with snow and ice.

The dispute culminated in 2013 when Spencer allegedly battered Helmut. Respondents again complained about Spencer at KGID and Douglas County Planning Commission meetings. Shortly thereafter, the district attorney's office charged Spencer with a misdemeanor battery. Four months later, it enhanced the misdemeanor battery to felony elder abuse and added two more charges of elder abuse—one based on the alleged

SUPREME COURT
OF
NEVADA

(O) 1947A

snowplow incident and the other based on alleged threats. After a jury trial, Spencer was acquitted.

Helmut thereafter filed a civil complaint against Spencer seeking recovery for his personal injuries. Spencer filed a malicious-prosecution counterclaim against Helmut, Egon, Elfriede, and Kinion, alleging that they falsely accused him of criminal activity with the intent to induce criminal prosecution. He soon added Rowena and Peter Shaw as third-party defendants and added a defamation counterclaim, alleging that respondents made defamatory statements at public meetings.[1]

Kinion first moved for summary judgment on the malicious-prosecution counterclaim. At a hearing on the motion, the district court called the deputy district attorney as a witness. She testified that Kinion did not influence her decision to initially charge and prosecute Spencer or to later enhance the charges. Relying partly on this testimony, the district court found that Kinion was not involved in the initiation or enhancement of Spencer's criminal charges and granted her motion for summary judgment. As the prevailing party, Kinion moved for attorney fees under NRS 18.010(2)(b), which the district court granted.

Next, respondents Kinion, Helmut, Elfriede, and the Shaws separately moved for summary judgment on the remaining counterclaims. The district court granted their motions, finding that Spencer did not

---

[1]In his complaint, Spencer did not identify any potentially defamatory statements. Instead, he merely alleged that respondents "made repeated false and defamatory statements . . . publicly asserting [1] that he failed to properly do his job as a contract snow plower, [2] that he assaulted and battered elderly persons, and [3] that he had committed felonies against elderly persons." The record shows, however, that Spencer was referring to statements made during the public-comment periods of KGID and Douglas County Planning Commission meetings.

present sufficient evidence to survive summary judgment on the remaining malicious-prosecution counterclaims. It also found that respondents' statements were protected under the judicial-proceedings privilege, which precluded liability for defamation. As the prevailing parties, Kinion, Helmut, and Elfriede separately moved for attorney fees under NRS 18.010(2)(b), which Spencer did not oppose. The district court thus granted the motions, construing Spencer's failure to oppose as a concession that his counterclaims lacked a reasonable basis. The remaining claims were also resolved, and Spencer now appeals, challenging the district court's summary judgment orders and awards of attorney fees.

## DISCUSSION

*The district court's summary judgment in favor of Kinion on the malicious-prosecution counterclaim*

Spencer first argues that the district court erroneously granted Kinion's motion for summary judgment on the malicious-prosecution counterclaim because there was a genuine issue of material fact about Kinion's participation in his criminal prosecution.[2]

We review the district court's summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* The movant bears the burden of production and therefore must either

---

[2]Spencer also argues that the district court erred when it sua sponte called the deputy district attorney as a witness because in doing so, it erroneously elicited evidence outside the pleadings and supporting documents. But because Spencer failed to object or raise this issue in district court, we decline to consider it. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (explaining that we need not consider an issue raised for the first time on appeal).

"submit[ ] evidence that negates an essential element of the [non-moving party's] claim" or "point[ ] out . . . that there is an absence of evidence to support the nonmoving party's case." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (internal quotation marks omitted). If the movant does so, then the nonmoving party must "transcend the pleadings and, by affidavit or other admissible evidence, introduce specific facts that show a genuine issue of material fact" in order to avoid summary judgment. *Id.* at 603, 172 P.3d at 134.

To prevail on a malicious-prosecution claim, a party must establish, among other elements, "that the defendant [1] initiated, [2] procured the institution of, or [3] actively participated in the continuation of a criminal proceeding against the plaintiff." *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879-80 (2002). In her motion for summary judgment, Kinion argued that there was insufficient evidence to establish any of those three requirements. She pointed out that the arresting officer did not contact or communicate with her during the investigation of the alleged battery. Kinion attached to her summary-judgment motion the official report of the incident, which did not list her name as a witness or otherwise mention her. She also attached the arresting officer's deposition, wherein he acknowledged that he did not speak with her before writing his incident report and forwarding it to the district attorney's office. Kinion pointed out that any continued involvement in Spencer's criminal prosecution was at the request of the deputy district attorney, who subpoenaed her to testify at Spencer's criminal trial and requested that she send a letter with information about the neighborhood dispute. Because Kinion successfully pointed out that

there was insufficient evidence to support Spencer's counterclaim, she met her burden as the party moving for summary judgment.

In his opposition, Spencer focused solely on the third requirement, arguing that Kinion was actively involved in the continuation of his criminal prosecution.[3] He introduced evidence that Kinion called the police after witnessing the snowplow incident, communicated ex parte with a judge, and sent a letter to the Douglas County District Attorney's Office.

We are not persuaded that these facts create a genuine issue of material fact as to whether Kinion was actively involved in the continuation of Spencer's criminal prosecution. The deputy district attorney testified that she based her decision to amend Spencer's criminal complaint on facts presented at a preliminary hearing, at which Kinion did not testify. The deputy district attorney also testified that Kinion's letter, which was one of many received during the investigation, did not influence her to enhance the charges. In fact, Kinion was not even listed as a witness on the amended complaint. Spencer's opposition to the motion for summary judgment and the documents attached thereto did not refute this evidence, nor were they sufficient to show a genuine issue as to any material fact. That Kinion called the police after witnessing potentially illegal behavior does not, without more, establish that she played an active role in the district attorney's decision to amend the criminal complaint. And Kinion's ex-parte communication with a judge, while improper, concerned the geographical reach of Spencer's restraining order and was therefore not relevant to the

---

[3]Because the three bases for malicious-prosecution liability are joined by the disjunctive *or*, a party need prove only one of them to succeed on a defamation claim.

dispositive issue here. Spencer thus failed to meet his burden of showing a genuine dispute of material fact, and we therefore affirm the district court's summary judgment.[4]

*The district court's summary judgment in favor of the Shaws, Helmut, Kinion, and Elfriede on the defamation counterclaims*

Spencer next argues that the district court erred when it granted summary judgment to the Shaws, Helmut, Kinion, and Elfriede on the defamation counterclaim based on the judicial-proceedings privilege. He argues that Nevada has never extended the absolute privilege that attaches to judicial and quasi-judicial proceedings to statements made during the public-comment period of a planning-commission or improvement-district meeting. We review the district court's separate summary judgments de novo, starting first with its summary judgment in favor of the Shaws.

*The district court did not err in granting summary judgment in favor of the Shaws*

In its order granting summary judgment to the Shaws, the district court found that none of the Shaws' statements were defamatory or

---

[4]Spencer also challenges the district court's summary judgment in favor of Helmut, Elfriede, and the Shaws on the malicious-prosecution counterclaim, arguing that the district court erred when it applied the judicial-proceedings privilege in the context of malicious prosecution. But even if the district court erroneously applied the privilege in this context, it *alternatively* found that Spencer failed to present sufficient evidence to establish a genuine issue of material fact as to whether respondents initiated, procured the institution of, or actively participated in the continuation of his criminal proceeding. Spencer does not challenge this finding, which is independently sufficient to support summary judgment in respondents' favor. We therefore conclude that any alleged error was harmless. *See* NRCP 61 (providing that this court must disregard all errors that do not affect a party's substantial rights).

 

untrue, but that the judicial-proceedings privilege nonetheless protected their statements. The only potentially defamatory statements the Shaws made involved snow removal. But in their motion for summary judgment, the Shaws pointed out that there was no evidence that these statements were false, so Spencer could not prove his case. *See Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 714-15, 57 P.3d 82, 87-88 (2002) (defining defamation as "a publication of a false statement of fact" and further clarifying that "a statement [is not] defamatory if it is absolutely true, or substantially true"). The Shaws thus met their burden. *See Cuzze*, 123 Nev. at 603, 172 P.3d at 134 (internal quotation marks omitted) (explaining that the party moving for summary judgment can meet its burden by "pointing out . . . an absence of evidence to support the nonmoving party's case[ ]" (internal quotation marks omitted)).

In his opposition, Spencer did not present any evidence that the statements about snow removal were untrue or that the Shaws made additional defamatory statements. Further, he did not attach an affidavit, testimony from the Shaws, or any other evidence that "transcend[ed] the pleadings." *Id.* He merely alleged that the Shaws did not have firsthand knowledge of these accusations. General allegations, however, are insufficient to survive summary judgment. *Boesiger v. Desert Appraisals, LLC*, 135 Nev. 192, 194, 444 P.3d 436, 439 (2019) (reiterating that the nonmoving party must "rely[ ] upon more than general allegations and conclusions set forth in the pleadings" to survive summary judgment). Because Spencer failed to meet his burden, we affirm the district court's summary judgment in favor of the Shaws.

*The district court did not err in granting summary judgment to Helmut*

In its order granting summary judgment to Helmut, the district court similarly found that none of the statements Helmut made were defamatory or untrue, but it nonetheless applied the judicial-proceedings privilege to his statements. The only potentially defamatory statement Helmut made during public meetings involved his altercation with Spencer. He said he was "confronted by Mr. Spencer" while taking pictures of the snow berms. But in his motion for summary judgment, Helmut presented evidence that this statement was true, thereby negating an essential element of Spencer's defamation claim. *See Pegasus*, 118 Nev. at 715, 57 P.3d at 88. He therefore met his burden as the party moving for summary judgment. *See Cuzze*, 123 Nev. at 602, 172 P.3d at 134 (providing that the movant can meet its burden by "submitting evidence that negates an essential element of the nonmoving party's claim").

In his opposition, Spencer did not present any evidence that the statement about the altercation was untrue or that Helmut made additional defamatory statements. In fact, he admitted that he approached someone in his driveway the night of the altercation and that they collided. Spencer's primary argument was that he did not know that the person in his driveway was Helmut. Even so, this fact does not render Helmut's statement that he was "confronted by Mr. Spencer" untrue or otherwise defamatory. Spencer therefore failed to demonstrate that a genuine issue of material fact remained as to whether Helmut's statement was true, so we affirm the district court's summary judgment in favor of Helmut.[5]

---

[5]This basis is independently sufficient to affirm the district court's summary judgment in favor of the Shaws and Helmut. We therefore decline

*The district court erred in granting summary judgment to Kinion and Elfriede*

Like the Shaws, Kinion and Elfriede discussed snow removal at public meetings. But at a KGID public meeting, Elfriede also said that "Spencer was speeding and put the blade down and splashed the snow over [Egon's] face." At the same meeting, Kinion said that "Spencer had a big grin on his face and turned the blade and that is when [Egon] got splashed with the snow."[6] Unlike the Shaws, in moving for summary judgment, neither Kinion nor Elfriede argued that their statements were true or otherwise not defamatory. They instead argued that the judicial-proceedings privilege, which provides absolute immunity for statements made during judicial and quasi-judicial proceedings, protected their statements because KGID and the Douglas County Planning Commission meetings were quasi-judicial proceedings.[7]

---

to address the district court's application of the judicial-proceedings privilege to statements made by the Shaws and Helmut.

[6]During KGID and Douglas County Planning Commission meetings, Kinion and Elfriede also said that Spencer's fence violated county code and that Spencer was threatening and aggressive. These statements do not fall within any of the three categories of potentially defamatory statements Spencer listed in his complaint, so we need not analyze these statements here.

[7]The parties do not argue for the application of the judicial-function test we adopted in *State ex rel. Board of Parole Commissioners v. Morrow*, 127 Nev. 265, 273-74, 255 P.3d 224, 229 (2011). Further, we decline to extend that test, which provides a list of factors to consider when determining whether an *entity* is acting in a quasi-judicial manner and is therefore exempt from the Open Meeting Law, here. *See id.* at 274, 255 P.3d at 229-30.

By presenting this affirmative defense, Kinion and Elfriede met their burden as the parties moving for summary judgment, but did so without addressing the elements of and factual basis for Spencer's defamation counterclaim. We must therefore address whether the judicial-proceedings privilege applies in this context, which we review de novo. *Circus Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 62, 657 P.2d 101, 105 (1983) (holding that absolute privilege is a question of law); *Clark Cty. Sch. Dist. v. Payo*, 133 Nev. 626, 631, 403 P.3d 1270, 1275 (2017) (holding that this court reviews questions of law de novo).

Generally, the judicial-proceedings privilege provides absolute immunity to statements made in the course of a judicial proceeding "so long as [the statements] are in some way pertinent to the subject of controversy." *Circus Circus Hotels*, 99 Nev. at 60, 657 P.2d at 104. We have expressly extended this absolute privilege "to quasi-judicial proceedings before executive officers, boards, and commissions." *Id.* at 61, 657 P.2d at 104 (extending the absolute privilege to a letter sent to the Nevada Employment Security Department regarding unemployment benefits); *see also Knox v. Dick*, 99 Nev. 514, 517-18, 665 P.2d 267, 269-70 (1983) (extending the absolute privilege to witness testimony before the Clark County Personnel Grievance Board). But we have never expressly defined a quasi-judicial proceeding in the context of defamation suits.

We therefore take this opportunity to clarify that a quasi-judicial proceeding in the context of defamation suits is one that provides basic due-process protections similar to those provided in a court of law. Such protections will undoubtedly vary based on the type of proceeding, but we hold that to qualify as a quasi-judicial proceeding for purposes of the absolute privilege, a proceeding must, at a minimum, (1) provide the

SUPREME COURT
OF
NEVADA

(O) 1947A

opportunity to present and rebut evidence and witness testimony, (2) require that such evidence and testimony be presented upon oath or affirmation, and (3) allow opposing parties to cross-examine, impeach, or otherwise confront a witness. *See Knox*, 99 Nev. at 518, 665 P.2d at 270 (concluding that a grievance board hearing was a quasi-judicial proceeding because the guidelines governing it required evidence to be taken upon oath or affirmation, allowed witnesses to testify, provided for impeachment of those witnesses, and allowed for rebuttal). These basic protections provide parties with the opportunity to present arguments with supporting evidence and testimony while also ensuring that such evidence and testimony is credible and reliable. With this definition in mind, we turn to the proceedings at issue here.

During the public-comment period of KGID and Douglas County Planning Commission meetings, the public is invited to speak about relevant community issues. Although both proceedings provided parties the opportunity to present personal testimony during this period, neither required an oath or affirmation. Further, although Kinion and Elfriede were allowed to speak freely during the public-comment periods, neither was subject to cross-examination or impeachment. Because these public-comment periods lacked the basic due-process protections we would expect to find in a court of law, they were not quasi-judicial in nature.

And while we have on rare occasion and in specific contexts applied the judicial-proceedings privilege based solely on public policy, we cannot do so here. *See, e.g., Lewis v. Benson*, 101 Nev. 300, 301, 701 P.2d 751, 752 (1985) (applying the absolute privilege to complaints with an internal-affairs bureau without first determining whether the proceeding was quasi-judicial in nature because doing so "promote[ed] the public's

interest by allowing civilian complaints against public officials to be aired in the proper forum"). Statements made during proceedings that lack basic due-process protections generally do not engender fair or reliable outcomes. Extending the judicial-proceedings privilege to such statements thus does not comport with the privilege's policy "to promote the truth finding process in a judicial proceeding." *Jacobs v. Adelson*, 130 Nev. 408, 415, 325 P.3d 1282, 1286 (2014) (internal quotation marks omitted). Based on our conclusion that the public-comment periods here lacked basic due-process protections, we conclude that public policy considerations do not weigh in favor of applying the judicial-proceedings privilege here.

Because we conclude that the absolute privilege that attaches to judicial and quasi-judicial proceedings does not apply here, we reverse the district court's orders granting summary judgment for Kinion and Elfriede and remand for further proceedings consistent with this opinion.[8]

*Attorney fees under NRS 18.010(2)(b)*

Relying on its authority to award attorney fees to a prevailing party under NRS 18.010(2)(b), the district court awarded Kinion attorney fees after granting her motion for summary judgment on the malicious-prosecution counterclaim. It also awarded Helmut, Elfriede, and Kinion attorney fees after granting their motions for summary judgment on the remaining counterclaims, which included the defamation counterclaim.

---

[8]In their answering brief, Kinion and Elfriede allude to the possibility that a conditional or qualified privilege might attach to their statements, but because neither presented this argument in district court, we decline to address it for the first time on appeal. *See Jacobs v. Adelson*, 130 Nev. 408, 418, 325 P.3d 1282, 1288 (2014) (vacating after determining that the absolute privilege did not apply in a defamation case and remanding for the district court to determine the applicability of the conditional privilege).

Spencer challenges both awards of attorney fees, which we review for abuse of discretion. *See Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014).

> *The district court did not abuse its discretion when it awarded attorney fees to Kinion on the malicious-prosecution counterclaim*

Based on our affirmance of the district court's summary judgment in favor of Kinion on the malicious prosecution counterclaim, we conclude that the district court did not abuse its discretion when it determined that Kinion was the prevailing party on that claim. *See Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 90, 343 P.3d 608, 615 (2015) (defining a prevailing party as one that "succeeds on *any significant issue* in litigation which achieves some of the benefit it sought in bringing suit" (quoting *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005)); *Smith v. Crown Fin. Servs. of Am.*, 111 Nev. 277, 284, 890 P.2d 769, 773 (1995) (clarifying that the term "prevailing party" includes "plaintiffs, counterclaimants and defendants")). NRS 18.010(2)(b) therefore authorized it to award Kinion attorney fees if it determined that Spencer "brought or maintained [a claim] without reasonable ground or to harass the prevailing party." *See Frederic & Barbara Rosenberg Living Tr. v. MacDonald Highlands Realty, LLC*, 134 Nev. 570, 580, 427 P.3d 104, 113 (2018) (defining a groundless claim as one unsupported by credible evidence).

The district court found that Spencer's malicious-prosecution counterclaim was groundless because there was probable cause to criminally prosecute him, so he could not prove an essential element of his malicious-prosecution counterclaim. *LaMantia*, 118 Nev. at 30, 38 P.3d at 879 (explaining that "the elements of a malicious prosecution claim are: (1) want of probable cause to initiate the prior criminal proceeding;

SUPREME COURT
OF
NEVADA

(O) 1947A

15

(2) malice; (3) termination of the prior criminal proceedings; and (4) damage" (internal quotation marks omitted)). The deputy district attorney's testimony and respondents' testimony at the preliminary hearing support the district court's finding. *See Frederic & Barbara Rosenberg Living Tr.*, 134 Nev. at 580-81, 427 P.3d at 113 (explaining that "there must be evidence supporting the district court's finding that the claim or defense was unreasonable or brought to harass" (internal quotation marks omitted)). We therefore affirm the district court's award of attorney fees to Kinion on the malicious-prosecution counterclaim.

*The district court did not abuse its discretion when it awarded attorney fees to Helmut*

We also conclude that, based on our affirmance of the district court's summary judgment in favor of Helmut, the district court did not abuse its discretion when it determined that Helmut was the prevailing party. NRS 18.010(2)(b) therefore authorized it to award Helmut attorney fees if it determined that Spencer "brought or maintained [a claim] without reasonable ground or to harass the prevailing party." The district court construed Spencer's failure to oppose Helmut's motion for attorney fees as a concession that his counterclaims lacked any reasonable ground and thus awarded Helmut attorney fees. Nevada law supports the district court's conclusion. *See* DCR 13(3) (expressly authorizing a district court to construe an opposing party's failure to file a written opposition "as an admission that the motion is meritorious and a consent to granting the same"); *see also Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 124 Nev. 272, 278, 182 P.3d 764, 768 (2008) (affirming the district court's treatment of the opposing party's failure to oppose a motion for attorney fees as an admission that the moving party's motion was

meritorious). We therefore affirm the district court's award of attorney fees to Helmut.

*Because Kinion and Elfriede are no longer prevailing parties on Spencer's defamation claim, we vacate the awards of attorney fees in their favor*

Because we reverse the district court's order granting summary judgment to Kinion and Elfriede on the defamation counterclaims, the district court's characterization of these respondents as the prevailing parties under NRS 18.010(2)(b) might change on remand. We therefore vacate both awards of attorney fees.

Consistent with the foregoing, we affirm in part, reverse in part, vacate in part, and remand for further proceedings consistent with this opinion.

_____, J.
Cadish

We concur:

_____, J.
Parraguirre

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A