SANTO G. LaMANTIA, APPELLANT, *v.* FRANK REDISI, JR., RESPONDENT.

No. 34055

January 24, 2002

38 P.3d 877

*L. Earl Hawley,* Las Vegas, for Appellant.

*McDonald Carano Wilson McCune Bergin Frankovich & Hicks LLP* and *George F. Ogilvie III* and *Jeffrey A. Silvestri,* Las Vegas, for Respondent.

## OPINION

By the Court, SHEARING, J.:

This appeal arises from a district court order granting summary judgment in favor of Frank Redisi, Jr., president of Teleview, Inc. (Teleview), in an action for malicious prosecution and abuse of process. Teleview, a Nevada corporation, had previously sued Santo G. LaMantia for injunctive relief, breach of contract, fraud, misrepresentation, unjust enrichment, constructive trust, accounting, conversion, and conspiracy, involving its predecessor-in-interest, Teleview Distributors, Inc., an Illinois corporation. The district court in that case granted summary judgment in favor of LaMantia. LaMantia then sued Teleview and Redisi for abuse of process and malicious prosecution. The district court granted

summary judgment in favor of Redisi, which was certified under NRCP 54(b). LaMantia now appeals.

The dispositive issue is whether the evidence, and all reasonable inferences to be drawn therefrom, precluded the district court from granting summary judgment in favor of Redisi. We conclude that summary judgment was appropriate, and we therefore affirm the district court's order.

## FACTS

In 1995, Teleview sued LaMantia in the Eighth Judicial District Court for injunctive relief, breach of contract, fraud, misrepresentation, unjust enrichment, constructive trust, accounting, conversion, and conspiracy. The district court entered an order granting summary judgment in favor of LaMantia, finding that Teleview could not pursue its causes of action in Nevada.

In 1996, LaMantia filed his complaint for malicious prosecution and abuse of process against Teleview and Redisi. In his complaint, LaMantia alleged that Teleview and Redisi actively, maliciously, and without probable cause commenced and prosecuted its lawsuit against him, for which there was no legal basis. LaMantia also alleged in his complaint that Teleview and Redisi initiated the lawsuit against him with an ulterior purpose, not for the purpose of resolving its legal dispute. Teleview and Redisi filed a motion for summary judgment, which the district court granted in part, in favor of Redisi. LaMantia appeals that order.

## DISCUSSION

This court reviews orders granting a motion for summary judgment de novo.[1] To successfully oppose a motion for summary judgment, the non-moving party must show specific facts, rather than general allegations and conclusions, presenting a genuine issue of material fact for trial.[2] A genuine issue of material fact exists when a reasonable fact finder could return a verdict for the non-moving party.[3] While we construe the pleadings and proof in the light most favorable to the non-moving party, and accept all evidence and reasonable inferences therefrom as true,[4] the non-moving party is not entitled to build its case on the "gossamer threads of whimsy, speculation and conjecture."[5]

[1]*Day v. Zubel,* 112 Nev. 972, 977, 922 P.2d 536, 539 (1996).

[2]NRCP 56(c); *Boland v. Nevada Rock and Sand Co.,* 111 Nev. 608, 610, 894 P.2d 988, 990 (1995).

[3]*Posadas v. City of Reno,* 109 Nev. 448, 452, 851 P.2d 438, 441-42 (1993).

[4]*Day,* 112 Nev. at 977, 922 P.2d at 538.

[5]*Manganaro v. Delaval Separator Co.,* 309 F.2d 389, 393 (1st Cir. 1962), *quoted in Posadas,* 109 Nev. at 452, 851 P.2d at 442.

As this court has previously explained, the elements of a malicious prosecution claim are: "(1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage."[6] This court has also previously explained that the elements of an abuse of process claim are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding."[7] Abuse of process can arise from both civil and criminal proceedings.[8] Malice, want of probable cause, and termination in favor of the person initiating or instituting proceedings are not necessary elements for a prima facie abuse of process claim.[9]

A malicious prosecution claim requires that the defendant initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against the plaintiff.[10] The facts of this case show that neither Redisi nor Teleview initiated or procured the institution of a criminal proceeding against LaMantia. Therefore, while in the instant case LaMantia could assert an abuse of process claim against Redisi arising from the underlying civil proceeding, we conclude, as a matter of law, that LaMantia cannot assert a malicious prosecution claim against Redisi.

Previously, in *Dutt v. Kremp,* a case involving malicious prosecution and abuse of process claims against an attorney who filed a medical malpractice lawsuit against a group of physicians, this

---

[6]*Jordan v. Bailey,* 113 Nev. 1038, 1047, 944 P.2d 828, 834 (1997).

[7]*Posadas,* 109 Nev. at 457, 851 P.2d at 444-45 (quoting *Kovacs v. Acosta,* 106 Nev. 57, 59, 787 P.2d 368, 369 (1990)).

[8]*See Restatement (Second) of Torts* § 682 (1977); *see, e.g., Poduska v. Ward,* 895 F.2d 854, 856 (1st Cir. 1990) (finding that an underlying breach of contract lawsuit, that caused injury to business and business reputation, supported an abuse of process claim); *Vodrey v. Golden,* 864 F.2d 28, 31 (4th Cir. 1988) (holding that abuse of process lies where appellants "purposely subverted the criminal justice system in an attempt to frustrate [a] civil suit").

[9]*Nevada Credit Rating Bur. v. Williams,* 88 Nev. 601, 606, 503 P.2d 9, 12 (1972); *Restatement (Second) of Torts* § 682 cmt. a (1977).

[10]*See Restatement (Second) of Torts* § 653 cmts. c, f & § 655 (1977); *see, e.g., Lewis v. Continental Airlines, Inc.,* 80 F. Supp. 2d 686, 699 (S.D. Tex. 1999) (citing with approval Texas Supreme Court's adoption of *Restatement (Second) of Torts* § 653 malicious prosecution requirement that defendant initiate or procure criminal prosecution); *Schroeder v. De Bertolo,* 912 F. Supp. 23, 26 (D.P.R. 1996) (holding that a criminal proceeding is a necessary element of a malicious prosecution claim); *Randall v. Lemke,* 726 N.E.2d 183, 186 (Ill. App. Ct. 2000) (affirming dismissal of malicious prosecution claim for failure to initiate or procure institution of criminal proceedings against plaintiff).

court discussed a malicious prosecution claim arising from the commencement of a wrongful *civil* proceeding.[11] In *Dutt,* we set forth the elements of malicious prosecution in terms of a "prior action" rather than a "prior criminal proceeding."[12] We overrule *Dutt* to the extent that the opinion suggests that a plaintiff may claim malicious prosecution in the absence of a "prior *criminal* proceeding."

Abuse of process, however, can lie in a civil proceeding.[13] To survive summary judgment, LaMantia had to present specific facts that Redisi had an ulterior purpose in the underlying lawsuit, other than resolving Teleview's legal dispute with LaMantia, and that Redisi willfully and improperly used the legal process to accomplish that purpose. The only evidence LaMantia submitted at the summary judgment hearing was his attorney's affidavit stating that Redisi appeared at LaMantia's deposition with Teleview's attorney and aided and consulted with Teleview's attorney in the underlying litigation. LaMantia presented no evidence that Redisi actively pressured or directed Teleview to improperly use the legal process to proceed against LaMantia for an ulterior purpose other than resolving Teleview's legal dispute with LaMantia. Redisi's presence at depositions and consultation with Teleview's attorney, without additional evidence, does not constitute abuse of process. Therefore, we conclude that the affidavit, and all reasonable inferences to be drawn therefrom, fails to raise a genuine issue of material fact so as to survive a motion for summary judgment.

For the reasons set forth above, we affirm the district court order granting summary judgment in favor of Redisi.

MAUPIN, C. J., and ROSE, J., concur.

---

[11]111 Nev. 567, 571-75, 894 P.2d 354, 357-59 (1995).

[12]*Id.* at 571-72, 894 P.2d at 357.

[13]*See supra* note 8.