MEMORANDUM **
Duane Jensen, a corrections officer employed by the Las Vegas Metropolitan Police Department (“LVMPD”), appeals from two orders of the district court: the first, striking one of his exhibits and granting summary judgment to the defendants; the second, awarding the defendants $10,000 in attorneys’ fees pursuant to 42 U.S.C. § 1988. We affirm the first, but reverse the second.
Jensen brought suit against the LVMPD and Sargeant Patrick Kelly under § 1983 for retaliation in violation of the First Amendment. He also asserted several state law claims. Jensen alleges that, because he helped an inmate file a complaint against two corrections officers who reportedly attacked another inmate with pepper spray, the defendants retaliated against him by subjecting him to a baseless Internal Affairs investigation, denying him overtime, and giving him less desirable work assignments.
The district court’s grant of summary judgment is reviewed de novo. See Video Software Dealers Ass’n v. Schwarzenegger, 556 F.3d 950, 956 (9th Cir.2009). We must determine, viewing the evidence in the light most favorable to the plaintiff, whether there are any genuine issues of material fact precluding summary judgment and whether the district court correctly applied substantive law. Id. Attorneys’ fees awards made pursuant to 42 U.S.C. § 1988 are reviewed for abuse of discretion. Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060 (9th Cir.2006).
1. Summary Judgment Order
The First Amendment shields a public employee from retaliation if he speaks as a private citizen on a matter of public concern. See Garcetti v. Ceballos, 547 U.S. 410, 417, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006); Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir.2009). Speech made pursuant to an official duty is not protected. Id. There is no genuine issue of fact as to whether Jensen spoke pursuant to his official duties; LVMPD Standard Operating Procedure (“SOP”) 14.00.00 specifically required him to help inmates file complaints against other corrections officers. See Freitag v. Ayers, 468 F.3d 528, 546 (9th Cir.2006). Furthermore, aside from his own bare allegations, the only evidence that Jensen has intro *118 duced that suggests that the Internal Affairs investigation against him was punishment for helping an inmate file a complaint is the fact that defendant Patrick Kelly has never initiated such an investigation against any other corrections officer. This fact alone is too thin a reed to support a plausible inference of retaliation. See Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All other evidence suggests that defendant Kelly filed an Internal Affairs complaint against Jensen after hearing from several sources allegations that Jensen had purchased a Rolex watch from an inmate’s girlfriend, in violation of LVMPD policy. And LVMPD records do not bear out Jensen’s claim that he was denied overtime and given less desirable work assignments after he helped an inmate file a formal complaint. Consequently, Jensen’s First Amendment retaliation claim fails.
Jensen also asserts state law claims for abuse of process, malicious prosecution, and emotional distress. Abuse of process requires that the plaintiff prove that the defendant had “an ulterior purpose for bringing a legal action other than resolving a dispute.” Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc., 182 P.3d 764 (Nev.2008). There are no specific facts in the record that plausibly suggest that defendant Kelly had an ulterior motive for initiating the Internal Affairs investigation against Jensen. Malicious prosecution requires that the defendant initiate a criminal prosecution against the plaintiff, LaMantia v. Redisi, 118 Nev. 27, 38 P.3d 877, 880 (2002), and emotional distress requires extreme and outrageous conduct by the defendant, Jordan v. State ex rel. DMV & Pub. Safety, 121 Nev. 44, 110 P.3d 30, 52 (2005); Jensen has shown neither. Therefore, we also affirm the district court’s decision to grant summary judgment to the defendants on Jensen’s state law claims.
Jensen argues that the district court should not have struck an exhibit, a caricature of Jensen portraying him as a rat, that was included with his opposition to summary judgment. Even if Jensen had been allowed to submit his proposed exhibit, his § 1983 and state law claims would still fail, because harmless error analysis applies, Fed.R.Civ.P. 61. It is unlikely that the result would have been altered had the exhibit been admitted. Accordingly, we do not disturb the district court’s decision to strike.
2. Attorneys’ Fees Award
After granting the defendants’ motion for summary judgment, the district court found that Jensen’s lawsuit was frivolous and awarded the defendants $10,000 in attorneys’ fees. The district court relied on 42 U.S.C. § 1988(b), which provides that in a § 1983 suit “the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.” On its face, § 1988 does not distinguish between prevailing plaintiffs and prevailing defendants. However, the Supreme Court has interpreted § 1988 to mean that prevailing plaintiffs should recover attorneys fees unless special circumstances would render such an award unjust, but prevailing defendants can recover fees only where the plaintiffs suit was frivolous. See Thomas v. City of Tacoma, 410 F.3d 644, 647-48 (9th Cir.2005) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). “A case may be deemed frivolous only when the result is obvious or the ... arguments of error are wholly without merit.” Gibson v. Office of Atty. Gen., State of Cal., 561 F.3d 920, 925 (9th Cir.2009) (internal quotations removed).
*119 The law on First Amendment retaliation claims is not completely settled, particularly on the question of how to determine when a public employee is speaking pursuant to an official duty rather than as a private citizen. See Garcetti v. Ceballos, 547 U.S. 410, 424, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) (parties stipulated that speech was made pursuant to an official duty, therefore the Court had “no occasion to articulate a comprehensive framework for defining the scope of an employee’s duties in cases where there is room for serious debate”). In light of this uncertainty, the district court abused its discretion when it found that Jensen’s First Amendment claim was frivolous and “wholly without merit.” Gibson, supra. We reverse the district court’s order granting the defendants’ motion for attorneys fees.
AFFIRMED IN PART, REVERSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.