**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL PITSNOGLE, | No. 11-16185 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00563-KJD-RAM |
| v. | |
| CITY OF RENO; WASHOE COUNTY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued & Submitted December 4, 2012
San Francisco, California

Before: CUDAHY,[**] TROTT, and RAWLINSON, Circuit Judges.

Appellant Paul Pitsnogle appeals the dismissal of his <u>Monell</u> and abuse of

process claims against the City of Reno ("City") and Washoe County ("County").

Because the parties are well acquainted with the facts and circumstances of this

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S.
Court of Appeals for the Seventh Circuit, sitting by designation.

case, we repeat them only as necessary to illuminate this disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pitsnogle did not plead facts sufficient to show that either the City or County had a "policy" which caused his alleged harm. With respect to the City, Pitsnogle argues that the chief of police promulgated city policy when he "made the decision to conduct an inadequate investigation." Contrary to his argument, however, Pitsnogle alleged that the officers who investigated Pitsnogle ignored Reno Police Department's established policies and hid the flaws in their investigation from the chief of police. Furthermore, the investigation was turned over to the City of Sparks Police Department. In short, Pitsnogle has not alleged that any of the Reno officers' actions were taken pursuant to the chief of police's "decision to adopt a particular course of action." Cf. Harper v. City of Los Angeles, 533 F.3d 1010, 1024-25 (9th Cir. 2008) (holding that the police chief's order to file criminal charges unsupported by probable cause established city policy) (internal alterations and quotation marks omitted).

Nor has Pitsnogle identified a county employee who was "a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision." Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005) (internal quotation marks omitted). Nothing in Pitsnogle's

complaint suggests that DDA Greco or County Investigator Wyett possessed that level of authority. Therefore, the district court properly dismissed Pitsnogle's § 1983 claims against the City of Reno and Washoe County.

We also affirm the dismissal of Pitsnogle's abuse of process claim, although we do so on different grounds. In order to plead a claim for abuse of process, Pitsnogle was required to allege the City and County took "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." Posadas v. City of Reno, 851 P.2d 438, 445 (Nev. 1993) (per curiam) (internal quotation marks omitted). However, his complaint is devoid of any such allegation. By the time the City terminated Pitsnogle's employment, his criminal trial had long since ended. As such, the City and County did not use the criminal charges to coerce Pitsnogle's resignation. See Restatement (Second) of Torts § 682, cmt. b ("For abuse of process to occur there must be use of the process for an immediate purpose other than that for which it was designed and intended.") (cited with approval in LaMantia v. Redisi, 38 P.3d 877, 879 n.8 (Nev. 2002)). Therefore, Pitsnogle has not alleged that the City or County abused the legal process.

Finally, we agree with the district court that amendment in this case would be futile. While Pitsnogle argues that he can add "factual content" that would save his complaint, he has failed to identify any facts he could include. Therefore, it

3

was appropriate to deny Pitsnogle the opportunity to amend his complaint. <u>See</u> <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 901 (9th Cir. 2011).

**AFFIRMED**.

4