**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEROME BROWN,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>DARCY, Detective, #4225; J. BECK, Officer, #4233/SB 35; BROWN, Officer; WILLIAMS, Officer; JERRY KELLER; LAS VEGAS METROPOLITAN SHERIFF POLICE DEPARTMENT,<br><br>    Defendants - Appellees. | No. 11-17749<br><br>D.C. No. 2:09-cv-00956-LDG-RJJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted January 14, 2014[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE and BYBEE, Circuit Judges, and RESTANI, Judge.[***]

Jerome Brown appeals from the district court's summary judgment in favor of the Las Vegas Metropolitan Police Department, the former sheriff, and four individual officers (collectively, "defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review the district court's grant of summary judgment de novo. Viewing the evidence and drawing all inferences in the light most favorable to the non-moving party, we must determine whether any genuine issues of material fact remain and whether the district court correctly applied the relevant substantive law." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011) (citation omitted).

Brown asserts four claims for relief: (1) 42 U.S.C. § 1983–False Arrest; (2) § 1983–Custom and Policy; (3) Malicious Prosecution under state law; and (4) Punitive Damages. All four claims hinge on whether there was probable cause to arrest and prosecute Brown for robbery. *See Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) ("To prevail on his § 1983 claim for false arrest . . . , [plaintiff] would have to demonstrate that there was no

---

[***] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

probable cause to arrest him.");  *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (recognizing that there must be an underlying deprivation of a constitutional right to support municipal liability); *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) ("[T]he elements of a malicious prosecution claim are: (1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage." (internal quotation marks omitted)).

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)); *see also State v. McKellips*, 49 P.3d 655, 660 (Nev. 2002) ("Probable cause to arrest exists when police have reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution to believe that [a crime] has been . . . committed by the person to be arrested." (alteration in original) (internal quotation marks omitted)). The arresting officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Davenpeck v. Alford*, 543 U.S. 146, 153 (2004).

When Detective Chris Darcy made the arrest, he knew that there had been three factually similar robberies, that two of the victims had identified Brown as the perpetrator in a photo line-up, that the neighbor of the third victim had identified Brown as the perpetrator in a photo line-up, that the same neighbor had provided the police with a license plate number registered to Brown, and that Brown had been unable to provide any corroborating evidence for his proffered alibi. This information was more than sufficient to lead a person of reasonable caution to believe that Brown had committed robbery. *See* Nev. Rev. Stat. § 200.380. The undisputed facts thus show that probable cause supported Brown's arrest and prosecution. The district court properly granted summary judgment in favor of defendants on all claims.

**AFFIRMED.**