**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN OLSEN,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF HENDERSON, a political subdivision of the STATE OF NEVADA; DETECTIVE NICHOLS, individually and in his capacity as a police officer employed by the City of Henderson Police Department; CITY OF BOULDER CITY, a political subdivision of the STATE OF NEVADA; OFFICER AARON JOHNSON, individually and in his capacity as a police officer employed by Boulder City,<br><br>    Defendants - Appellees. | No. 14-15620<br><br>D.C. No. 2:12-cv-00543-JCM-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 15, 2016
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BYBEE and N.R. SMITH, Circuit Judges, and HELLERSTEIN,[**] Senior District Judge.

Plaintiff Brian Olsen appeals from the District Court's order granting summary judgment for the defendants, and awarding attorneys' fees to the City of Boulder City and Officer Aaron Johnson. Because the facts and proceedings below are known to the parties, we repeat them here only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review the District Court's grant of summary judgment de novo. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1185 (9th Cir. 2015). "We will uphold a summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted).

We review attorneys' fee awards pursuant to 42 U.S.C. § 1988 for abuse of discretion. We "affirm unless the district court applied the wrong legal standard or its findings were illogical, implausible or without support in the record." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1201–02 (9th Cir. 2013) (citation omitted)

---

[**] The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

2

The District Court properly granted summary judgment to the defendants, dismissing the complaint against them. The District Court was legally authorized to grant attorneys' fees to defendants Boulder City and Aaron Johnson, and acted within its proper discretion in doing so.

As to defendant Wayne Nichols, the Henderson City detective, the District Court properly found that, after reasonable investigation, he came to the reasonable belief that Olsen had emailed nude pictures of a classmate to his personal email address from her cell phone, and that she had not consented to his use of her phone for any purpose other than to make a call to his family. Nichols reasonably believed that Olsen had violated Nev. Rev. Stat. § 200.604 by capturing and publishing to his personal email address an image of the complainant's private parts without her consent and in circumstances where she had a reasonable expectation of privacy. Thus, Nichols had probable cause to believe that Olsen had committed a crime, and could arrest him, directly or with the help of another police officer.

We are not involved in an appeal of a conviction of a violation of the Nevada statute, where we would have to rule on whether a crime under the statute actually was committed. A probable cause determination "requires only a probability or substantial chance of criminal activity, not an actual showing of such

3

activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). The issue is whether defendant Nichols had probable cause to believe that the statute was violated, and probable cause exists even if he made a reasonable mistake of fact or law. *Heien v. North Carolina*, 135 S.Ct. 530, 539 (2014). The District Court did not err in making these findings, dismissing the case against defendant Nichols.

Defendant Nichols also was protected by qualified immunity. He caused Olsen to be arrested after a reasonable investigation of facts and law led him to believe that Olsen had committed a crime. Nichols thus did not violate any constitutional right of Olsen. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The District Court did not rule on qualified immunity, but the parties briefed the issue and we are authorized to rule on it. *E.g.*, *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1111 n.5 (9th Cir. 1999), *opinion amended on denial of reh'g*, 208 F.3d 831 (9th Cir. 2000).

Even if Detective Nichols had lacked probable cause, Boulder City Officer Aaron Johnson was protected by qualified immunity. His participation in the

4

investigation and probable cause determination was minimal. Rather, the Boulder City Police Department ("BCPD") assigned him to assist Nichols. Nichols had advised the BCPD that he had determined that there was probable cause to arrest Olsen for violating Nevada Rev. Stat. § 200.604 and asked for assistance. Johnson reasonably relied on Nichols' determination, when he carried out the arrest of Olsen outside of Olsen's home. *See, e.g.*, *United States v. Bernard*, 623 F.2d 551, 560–61 (9th Cir. 1979) (holding that officers are entitled to rely upon observations and knowledge of other officers in establishing probable cause).

The District Court's summary judgment denying Olsen's *Monell* claims against both the City of Henderson and the City of Boulder City was proper. Olsen did not identify any long-standing practice or custom that would support municipal liability. We previously have held that "municipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'" *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978)). None of those conditions existed.

5

Olsen also did not establish that a triable issue of material fact exists as to his state law claims for intentional infliction of emotional distress, false imprisonment, and malicious prosecution. The record does not support the allegation that Officer Johnson or Detective Nichols intended to harm Olsen or acted unreasonably, nor does it support that Olsen suffered severe or extreme emotional distress. *See Nelson v. City of Las Vegas*, 99 Nev. 548, 554 (1983). Olsen also failed as to his false imprisonment claim, as nothing in the record suggests he was restrained of his liberty under the "probable imminence of force without any legal cause or justification therefore." *See Marschall v. Carson*, 86 Nev. 107, 110 (1970). Likewise, he failed to establish malice or damage, required elements of his claim for malicious prosecution. *See La Mantia v. Redisi*, 118 Nev. 27, 30 (2002).

The District Court did not abuse its discretion in awarding fees pursuant to 42 U.S.C. § 1988 to the City of Boulder City and Officer Johnson. The claims against Boulder City and Johnson were "'frivolous, unreasonable, or without foundation.'" *See Harris v. Miracopa Cty. Sup. Ct.*, 631 F.3d 963, 976 (9th Cir. 2011) (quoting *Christiansburg Garment Co. V. EEOC*, 434 U.S. 412, 421 (1978)). The fees were incurred in defense and were reasonable.

**AFFIRMED.**