# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN LAWRENCE RACE,
Appellant,
vs.
STOUT MANAGEMENT; AND
OMNINET SOUTHWEST, LP,
Respondents.

No. 68940

FILED

OCT 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is a pro se appeal from district court orders denying a special motion to dismiss under Nevada's anti-SLAPP statute and awarding attorney fees under NRS 41.670(2). Eighth Judicial District Court, Clark County; Susan Scann, Judge.

To prevail on a special motion to dismiss, appellant was required to first "establish[ ], by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). If he did so, respondents then bore the burden to demonstrate a probability of prevailing on the claim. NRS 41.660(3)(b). Having reviewed the record and the parties' briefs, it is arguable that appellant met his burden. Regardless, we conclude that respondents properly showed that they have a probability of prevailing on their abuse-of-process claim, as they provided evidence of appellant's ulterior motive and conduct not proper in the course of the legal proceedings. *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002) (noting the elements of an abuse-of-process claim are "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding"). The district court therefore did not err in denying

SUPREME COURT
OF
NEVADA

(O) 1947A

16-32290

appellant's special motion to dismiss. *See John v. Douglas Cty. Sch. Dist.*, 125 Nev. 746, 753, 219 P.3d 1276, 1281 (2009) (applying a de novo standard of review to an order granting a special motion to dismiss because such motions are to be treated as motions for summary judgment).

The district court did not make a finding that appellant's special motion to dismiss was "frivolous or vexatious" however, as is required to award attorney fees under NRS 41.670(2), and it does not appear that the motion necessarily meets either standard. NRS 41.670(2) (stating that if a district court denies an NRS 41.660 special motion to dismiss as "frivolous or vexatious" it "shall award to the prevailing party . . . attorney fees incurred in responding to the motion"); *see Meitzke v. Williams*, 490 U.S. 319, 325-26 (1989) (explaining that meritless and frivolous are not always the same thing); *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999) ("There is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success"). We therefore reverse the district court's order awarding attorney fees to respondents under NRS 41.670(2). Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

 

cc: Eighth Judicial District Court, Dept. 29
John Lawrence Race
Georgeson Angaran, Chtd.
Eighth District Court Clerk