# IN THE SUPREME COURT OF THE STATE OF NEVADA

TMX, INC., A NEVADA
CORPORATION; AND CHESTER L.
MALLORY,
Appellants,
vs.
IRIS A. VOLK,
Respondent.

No. 74813

TMX, INC., A NEVADA
CORPORATION; AND CHESTER L.
MALLORY,
Appellants,
vs.
IRIS A. VOLK,
Respondent.

No. 75692

FILED

SEP 2 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a final judgment in a tort action and post-judgment order awarding attorney fees and costs. Second Judicial District Court, Washoe County; David A. Hardy, Judge.[1]

Chester Mallory, a businessman who made significant investments in TMX, Inc. (TMX), filed the underlying action against Iris Volk, a former employee of TMX, asserting claims for fraud and breach of contract for actions Volk allegedly took in not properly removing scrap metal from TMX's inventory. Mallory alleged this caused him to overpay in a buy out of a TMX director, Eddie Smyth. Shortly after filing suit against Volk, Mallory offered to settle in February 2014, proposing to drop his claims for fraud and breach of contract if Volk recanted her testimony in a

---

[1]The Honorable Abbi Silver, Justice, is disqualified from participation in the decision of this matter.

19-39315

prior suit between TMX and Smyth. Volk refused the offer. The district court dismissed the case on statute-of-limitations grounds. On appeal the Nevada Court of Appeals affirmed the dismissal of the fraud claim but reversed for further discovery on the claim for breach of contract. *TMX, Inc. v. Volk*, Docket Nos. 65807-COA & 66222-COA (Order Affirming in Part, Reversing in Part and Remanding, Aug. 31, 2015). On remand, Mallory raised additional claims for civil conspiracy and civil RICO, and Volk counterclaimed for abuse of process. The district court granted summary judgment against Mallory's claims, and trial proceeded solely on Volk's abuse of process counterclaim. The jury found for Volk, awarding damages and punitive damages. Mallory now appeals.

*There was substantial evidence of abuse of process*

Mallory and TMX argue that insufficient evidence supported the abuse of process judgment because there was no evidence that Mallory had an *improper* ulterior purpose for suing Volk or abused any court process. While a party that has not moved for a directed verdict below generally may not later challenge the sufficiency of the evidence on appeal, this court may review for plain error or manifest injustice. *Price v. Sinnott*, 85 Nev. 600, 607, 460 P.2d 837, 841 (1969). We affirm.

"[T]he elements of an abuse of process claim are: (1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002) (internal quotation marks omitted). The record contains no evidence that Volk and Smyth conspired to inappropriately conflate the amount of scrap in TMX's inventory. Volk testified she did not lie in the Smyth trial and Mallory provided insufficient documentary evidence to demonstrate a

conspiracy between Smyth and Volk. Mallory's testimony to that effect was additionally deficient because it merely attempted to create inferences from the insufficient documentary evidence. Mallory's testimony demonstrated that he lacked knowledge about the purported basis of his suit as he did not testify to facts establishing the elements of the claims he raised against Volk.

Further, the record shows that Mallory likely sought to obtain testimony from Volk recanting her prior statement in Smyth's litigation against TMX. Volk testified that it was not her job at TMX to dispose of scrap. And her prior counsel testified that Mallory was harassing Volk and that Mallory did not bring his claims to recover damages from Volk because he did not sue Smyth for inventory issues; the claims were merely a pretext to coerce Volk to agree to recant her testimony in the Smyth litigation per the settlement offer. It also appears that Mallory's purpose was ulterior because at least some of the claims were facially barred by the statute of limitations and thus Mallory did not appear to have pursued the underlying claims in good faith.

Finally, there was sufficient evidence demonstrating Mallory's claims constituted "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia*, 118 Nev. at 30, 38 P.3d at 879 (internal quotation marks omitted). The combination of evidence of Mallory's settlement offer, Mallory's lack of documentary evidence establishing a conspiracy between Volk and Smyth, the fact that some of his claims were facially barred by the statute of limitations, and testimony from Volk and her former counsel, shows that Mallory used the legal process with an improper purpose. In light of the substantial evidence that Mallory had

an ulterior purpose and improperly used the legal process, we conclude that Mallory has not shown plain error or manifest injustice.

Mallory argues that there was no substantial evidence because the ulterior motive itself must also be improper. Mallory's reliance on *Bull v. McCuskey*, 96 Nev. 706, 708-10, 615 P.2d 957, 959-60 (1980), *abrogated on other grounds by Ace Truck & Equip. Rentals, Inc. v. Kahn*, 103 Nev. 503, 507, 746 P.2d 132, 135 (1987), *abrogated on other grounds by Bongiovi v. Sullivan*, 122 Nev. 556, 138 P.3d 433 (2006), *Dutt v. Kremp*, 111 Nev. 567, 576, 894 P.2d 354, 360 (1995), *abrogated on other grounds by LaMantia*, 118 Nev. at 31, 38 P.3d at 880, *Posadas v. City of Reno*, 109 Nev. 448, 457, 851 P.2d 438, 445 (1993), and *Nevada Credit Rating Bureau, Inc. v. Williams*, 88 Nev. 601, 503 P.2d 9 (1972), *superseded by statute on other grounds as stated in Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 741, 192 P.3d 243, 253-54 (2008), to support his contention, however, is misplaced because none of those cases change the abuse of process elements set forth in *LaMantia*.[2] Notwithstanding considerable evidence that Mallory's purpose was improper, Mallory has not shown that the ulterior purpose element requires showing that the purpose was improper as well.

Mallory also argues that the jury instruction providing the elements for abuse of process erroneously did not provide that the ulterior purpose must be an improper ulterior purpose. Reviewing unpreserved challenges to jury instructions for plain error, NRCP 51(e)(2), this claim also

---

[2]We are similarly unpersuaded by Mallory's reliance on authorities outside of this jurisdiction for the proposition that our established elements of abuse of process must be refined to articulate that the "ulterior purpose" must also be "improper."

fails because it does not reflect the law, *see LaMantia*, 118 Nev. at 30, 38 P.3d at 879.

*The district court did not err in admitting Mallory's offer to settle in Volk's abuse of process cause of action*

Mallory contends the district court erred when it admitted evidence of his settlement offer for his fraud and breach of contract claims to prove the abuse of process counterclaim. We review the "district court's decision to admit or exclude evidence for abuse of discretion" and it will not be disturbed "absent a showing of palpable abuse." *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008). However, when the evidentiary ruling rests on a legal interpretation of the evidence code, the ruling is reviewed de novo. *Davis v. Beling*, 128 Nev. 301, 311, 278 P.3d 501, 508 (2012). An offer to settle "a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of *the claim* or *its* amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible." NRS 48.105(1) (emphases added).

Mallory argues his settlement offer was inadmissible under the plain language of NRS 48.105 because Volk used the settlement offer as evidence of Mallory's *liability* in her abuse of process claim and the *amount* of damages. However, Mallory offered to settle *his* 2014 claims for breach of contract and fraud against Volk. Mallory's offer could not have related to Volk's abuse of process counterclaim, which was filed over two years later in January 2017. Because Mallory's offer was not to settle Volk's abuse of process claim, NRS 48.105 does not bar its admissibility. *See Wine & Canvas Dev., LLC v. Muylle*, 868 F.3d 534, 540-41 (7th Cir. 2017); *Broadcort Capital Corp. v. Summa Med. Corp*, 972 F.2d 1183, 1194 (10th Cir. 1992); *Vulcan Hart Corp. v. NLRB*, 718 F.2d 269, 277 (8th Cir. 1983); *Davis*, 128

Nev. at 312, 278 P.3d at 509 (considering how the federal circuits apply FRE 408 when interpreting NRS 48.105). Accordingly, we conclude the district court did not err when it admitted Mallory's settlement offer.

*Punitive damages*

Volk was awarded $428,343.02 in compensatory damages and $1,000,000 in punitive damages. "An award of punitive damages will not be overturned if it is supported by substantial evidence of implied malice or oppression." *Countrywide*, 124 Nev. at 739, 192 P.3d at 252. This court will "assume that the jury believed all the evidence favorable to the prevailing party and drew all *reasonable* inferences in [that party's] favor." *Bongiovi*, 122 Nev. at 581, 138 P.3d at 451 (alteration in original) (internal quotation marks omitted).

Mallory argues that even if the abuse of process judgment is not reversed, the award of punitive damages should be reversed because there was no evidence of malicious intent or conscious disregard for the rights of others. He asserts that because he sincerely believed that Volk falsely testified in Smyth's litigation against TMX and Mallory, he cannot be found to have brought his suit maliciously or to oppress her. The jury, however, found evidence of express or implied malice or oppression and awarded $1,000,000, suggesting that they did not find that Mallory held a sincere belief that Volk was lying. The record contains substantial evidence supporting that the jury reasonably could have inferred that Mallory manufactured the conspiracy between Smyth and Volk after Mallory lost in the trial between Smyth and TMX—and thus brought his suit with malice or oppression. The jury also reasonably could have inferred that Mallory acted maliciously when he amended his complaint to add the civil conspiracy and civil RICO claims after Volk rejected his settlement offer

because he added claims for relief including special damages, treble damages, and punitive damages. Accordingly, there was substantial evidence to support the award of punitive damages.[3]

*Attorney fees*

Mallory also challenges the district court's award of $171,897.50 in attorney fees and costs pursuant to NRS 18.010(2)(b) and NRCP 54(d). NRS 18.010(2)(b) permits a district court to award attorney fees when it finds that a claim "was brought or maintained without reasonable ground or to harass the prevailing party." "[A] claim is frivolous or groundless if there is no credible evidence to support it." *Rodriguez v. Primadonna Co., LLC*, 125 Nev. 578, 588, 216 P.3d 793, 800 (2009). And this court reviews an award of attorney fees for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014). The Legislature has instructed courts to

> liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature . . . to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

NRS 18.010(2)(b).

Mallory argues his fraud claim was not frivolous because he filed his complaint within the statute of limitations and alleged acts by Volk that he claims constituted fraud. However, the district court found

---

[3]Mallory does not argue that the award of punitive damages was excessive so we do not address it here.

Mallory's claim was without reasonable grounds because it was apparent from the face of the claim that it was brought outside the statute of limitations and awarded attorney fees accordingly. This is in line with the Legislature's mandate that NRS 18.010(2)(b) be liberally construed to deter frivolous claims. Therefore, we conclude the district court did not abuse its discretion in awarding Volk fees pursuant to NRS 18.010(2)(b) on Mallory's fraud claim.

Mallory next argues that his breach of contract claim was not frivolous where he alleged TMX retained Volk by a written contract and believed a contract existed but was never able to produce one. However, Mallory later conceded that he did not have a copy of Volk's employment contract and asserted that he based his allegation on the belief that Volk "might" have a copy of a written contract. After the court of appeals reversed the district court's dismissal of the claim for being time-barred as an oral contract, *TMX, Inc. v. Volk*, Docket Nos. 65807-COA & 66222-COA (Order Affirming in Part, Reversing in Part and Remanding, Aug. 31, 2015), Mallory admitted that he had never seen a written contract for Volk and had not bothered to look for one. The district court subsequently granted Volk's motion for summary judgment. Mallory also posited that invoices and tax forms submitted by Volk to TMX would be a sufficient alternative to a written contract, but the district court also disagreed with this alternate theory. Mallory has not shown that his breach of contract claim was not frivolous in light of this overwhelming failure at the summary judgment stage. Further, as with the fraud claim, the district court concluded Mallory brought the claim without reasonable grounds because it was apparent from the face of the claim that it was brought outside of the statute of limitations. We conclude the district court did not abuse its

discretion in concluding Volk was entitled to attorney fees pursuant to NRS 18.010(2)(b).

As for Mallory's civil conspiracy and civil RICO claims, he argues that while he may not have had sufficient evidence to survive summary judgment, he had enough credible evidence to support the claims up to that point, precluding an award of attorney fees pursuant to NRS 18.010(2)(b). The district court awarded attorney fees after finding "no evidence of an agreement between [alleged co-conspirators] Volk and Smyth to harm Mallory or TMX, and not a scintilla of proof in the record to establish that Volk conspired with Smyth to commit crimes per NRS 207.360." (Alteration in original and internal quotation marks omitted.) We conclude that Mallory has not shown colorable evidence to support his civil conspiracy or civil RICO claims and thus has not shown that they were not frivolous. Accordingly, we conclude the district court did not abuse its discretion when it awarded attorney fees to Volk for litigating Mallory's civil conspiracy and civil RICO claims.

*Post-judgment attorney fees and costs*

Following the jury's award of attorney fees and costs, general damages, and punitive damages, Volk moved for post-judgment attorney fees and costs. The district court awarded Volk $259,723 in attorney fees pursuant to NRCP 68 because Mallory rejected an offer of judgment of $175,000 and failed to obtain a more favorable result at trial. It also awarded $32,342 in attorney fees pursuant to NRS 18.010(2)(b) because the original order awarding attorney fees did not include attorney fees incurred in responding to Mallory's motions for reconsideration and to strike.

Mallory argues that the district court's award of attorney fees pursuant to NRCP 68 should be reversed if this court overturns the abuse

9

of process judgment or the original order awarding attorney fees and costs. Because we do not disturb the abuse of process judgment or the award of attorney fees pursuant to NRS 18.010(2)(b), we need not disturb these awards.

We therefore

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. David A. Hardy, District Judge
     Kozak & Associates, LLC
     Christopher Hu
     Myron Moskovitz
     Woodburn & Wedge
     Lemons, Grundy & Eisenberg
     Washoe District Court Clerk