IN THE SUPREME COURT OF THE STATE OF NEVADA

LINDA BROWN-OSBORNE,
Appellant,
vs.
MICHAEL JACKSON; KAREN L.
MISHLER; BRIANNA K. LAMANNA,
Respondents.

No. 79272

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from district court orders granting motions to dismiss in a tort action.[1] Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Appellant Linda Brown-Osborne filed a complaint alleging claims of defamation and malicious prosecution in relation to criminal charges that were brought against her for her alleged exploitation of respondent Michael Jackson's grandmother. Jackson filed an anti-SLAPP special motion to dismiss, arguing that his statements to the police, which appeared to be the basis for Brown-Osborne's claims against him, were protected good faith communications. Respondents Karen Mishler and

---

[1]Having considered appellant's pro se brief, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). We have taken judicial notice of the record in the related appeal in Docket No. 79471, see NRS 41.130, and we have decided this appeal based on that record and the pro se brief and record in this case.

20-14587

Brianna Lamanna filed a motion to dismiss pursuant to NRCP 12(b)(5) based on prosecutorial immunity. The district court held hearings and granted the motions to dismiss.[2]

On appeal, Brown-Osborne first argues that the district court erred in granting Jackson's anti-SLAPP motion because Jackson's statements to the police were not made in good faith. We review de novo the district court's grant of an anti-SLAPP motion. *Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019). Under the anti-SLAPP statutes, a defendant may file a special motion to dismiss if he can show that the plaintiff's claims target "a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(1), (3)(a). For a communication to be made in "good faith," it must be "truthful or [be] made without knowledge of its falsehood." NRS 41.637. Once the defendant demonstrates that the claims are based on protected good faith communications, the burden shifts to the plaintiff to show "with prima facie evidence a probability of prevailing on the claim[s]." NRS 41.660(3)(b).

---

[2]The record demonstrates that Brown-Osborne only served her complaint on Jackson, Mishler, and Lamanna. The other defendants who were not served thus never became parties to the district court action and are not proper parties to this appeal. *See Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 448, 874 P.2d 729, 735 (1994) (explaining that a person who is not served with process and does not make an appearance in the district court is not a party to that action). We therefore direct the clerk of this court to amend the caption of this case to conform to the caption on this order, and we do not consider Brown-Osborne's arguments regarding the merits of her claims against the defendants who were not served.

Here, the district court concluded that Jackson met his burden under the anti-SLAPP statutes because his statements to the police were based on his observations and his discussions with his grandmother and the staff at the rehabilitation home. Specifically, Jackson attached a declaration explaining that he learned from the staff at the rehabilitation home that Brown-Osborne had falsely represented herself to be related to Jackson's grandmother, that she had moved the grandmother's belongings into a storage unit in Brown-Osborne's name, that she had recently been named as a beneficiary on the grandmother's life insurance policy, that the grandmother's demeanor changed when Brown-Osborne was present, and that there had been unauthorized withdrawals from the grandmother's bank accounts. We conclude that the district court did not err in finding that Jackson met his burden of showing that his statements to the police were either true or made without knowledge of their falsehood. *See Siam v. Kizilbash*, 31 Cal. Rptr. 3d 368, 373-74 (Ct. App. 2005) (explaining statements "designed to prompt action by law enforcement" were protected under California's anti-SLAPP statute).

We further conclude that the district court did not err in finding that Brown-Osborne failed to meet her burden of showing that her claims had minimal merit. Though Brown-Osborne asserts on appeal that Jackson knowingly made false statements to the police, neither her complaint nor her response to Jackson's anti-SLAPP motion identified any statements by Jackson that were false or made with actual malice. *See Pope v. Motel 6*, 121 Nev. 307, 317-18, 114 P.3d 277, 283-84 (2005) (holding that qualified immunity applies to statements to the police about suspected criminal activity, and the plaintiff must demonstrate that the statements were false

and made with actual malice, i.e., "reckless disregard for veracity or with knowledge of falsity," to prevail on a defamation claim); *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002) (providing that malice is an element of a malicious prosecution claim). Therefore, the district court did not err in granting Jackson's anti-SLAPP motion and dismissing the action against him.

Brown-Osborne also argues that the district court erred in dismissing the claims against Mishler and Lamanna. We review de novo an order granting a motion to dismiss for failure to state a claim under NRCP 12(b)(5). *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008); *see also Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014). We accept all factual allegations in the plaintiff's complaint as true and draw all inferences in the plaintiff's favor, and we will affirm "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [her] to relief." *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672. In her complaint, Brown-Osborne alleged that criminal charges were filed against her and she was offered a plea deal but the charges were eventually dropped because she was innocent and the evidence did not support the charges. We conclude that the district court did not err in finding that Mishler and Lamanna, who we infer were the prosecutors involved in Brown-Osborne's criminal case, were entitled to prosecutorial immunity, as the complaint is devoid of any allegations that they acted with malice or that their behavior otherwise fell outside the scope of prosecutorial immunity. *See Edgar v. Wagner*, 101 Nev. 226, 228-29, 699 P.2d 110, 112 (1985) (discussing the scope of prosecutorial immunity in the context of a malicious prosecution claim). Therefore, we

conclude the district court properly dismissed Brown-Osborne's action against Mishler and Lamanna for failure to state a claim upon which relief may be granted.

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Adriana Escobar, District Judge
     Linda Brown-Osborne
     Campbell & Williams
     Clark County District Attorney/Civil Division
     Eighth District Court Clerk