**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK HICKMAN, | No. 20-15354 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00404-GMN-NJK |
| v. | |
| KENNETH MEAD, in his individual and official capacities; JESSICA WALSH, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| BANK OF AMERICA, N.A., Custodian; WELLS FARGO BANK, N.A., | |
| Real-parties-in-interest. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Hickman's request for oral argument, set forth in his opening brief, is denied.

Patrick Hickman appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims related to his criminal prosecution for theft. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's judgment on the pleadings under Fed. R. Civ. P. 12(c). *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). We affirm.

The district court properly dismissed Hickman's malicious prosecution claims because Hickman failed to allege facts sufficient to show lack of probable cause and that the criminal proceedings terminated in his favor. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (elements of a § 1983 malicious prosecution claim); *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (elements of malicious prosecution under Nevada state law). Hickman contends that his actions did not constitute a crime under Nev. Rev. Stat. § 205.130 but Hickman was not charged or prosecuted under that statute.

The district court did not abuse its discretion by denying Hickman leave to amend because granting leave would have prejudiced defendants and because the new claims Hickman alleged in his second amended complaint could have been brought in his earlier complaints. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (setting forth standard of review, listing the factors for which leave to amend may be denied, and noting that "[p]rejudice to the opposing party is the most important factor"). Contrary to Hickman's contention that information he

received after the close of discovery would support new claims under the Right to Financial Privacy Act, only agencies or departments of the United States and financial institutions are liable under this statute and there is no remedy of suppression. *See* 12 U.S.C. § 3417(a) (providing for civil penalties against an "agency or department of the United States or financial institution"); *United States v. Frazin*, 780 F.2d 1461, 1466 (9th Cir. 1986) (no remedy of suppression).

We reject as without merit Hickman's contentions that the district court and Magistrate Judge Koppe worked in concert to ensure that Hickman's case would be dismissed and that he was entitled to damages discovery on his dismissed claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**