**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARINO SCAFIDI, | No.   23-15657 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01933-RFB-VCF |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision on behalf of State of Nevada; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| FCH1, LLC, DBA Palms Casino Resort; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted April 1, 2024**
Pasadena, California

Before:  R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant Marino Scafidi (Scafidi) brought claims against the Las Vegas Metropolitan Police Department (LVMPD), several of its officers, and an investigating nurse (collectively Appellees), alleging that he was arrested without probable cause and wrongfully prosecuted for sexual assault. The district court granted summary judgment for the Appellees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. On September 1, 2012, Scafidi went on a date with Stephanie Carter at the Palms Hotel & Casino in Las Vegas, where Scafidi rented a room. The night went awry, ending with Carter locked in Scafidi's bathroom early the next morning, where she called 911. Carter reported that Scafidi was trying to harm her. Officers arrived, finding Carter locked and bleeding in Scafidi's hotel bathroom. Carter was taken to be interviewed and receive medical attention, while Scafidi was detained.

Carter told officers that Scafidi sexually assaulted her. A Sexual Assault Nurse Exam (SANE) stated that her "clinical impression" was "sexual assault." Based on this, and Carter's 911 call, Scafidi was arrested. Scafidi was charged for three counts of sexual assault. After several years, in 2017, Scafidi's charges were dropped.

2. Scafidi sued, asserting several claims. These included two claims against LVMPD: (1) a *Monell* claim, and (2) a negligence claim; two claims against just

the investigating officers and nurse: (1) a § 1983 claim; and (2) a false imprisonment claim; two claims against the officers and the nurse: (1) a § 1983 conspiracy claim, and (2) a malicious prosecution claim; and an intentional infliction of emotional distress (IIED) claim against all Appellees.

On May 15, 2018, the district court granted Appellees summary judgment because there was probable cause to arrest Scafidi and any issue with probable cause was precluded from relitigation, among other things. *Scafidi v. Las Vegas Metro. Police Dep't*, No. 2:14–cv–01933–RCJ–GWF, 2018 WL 2123372, at \*3–4 (D. Nev. May 8, 2018). Scafidi appealed. We reversed, holding that "controlling Nevada state precedent expressly rejects the view that a probable cause determination at a preliminary hearing precludes later relitigation of that question." *Scafidi v. Las Vegas Metro. Police Dep't*, 966 F.3d 960, 963 (9th Cir. 2020). We also concluded that Scafidi's allegations that Defendants fabricated evidence or otherwise committed misconduct in bad faith created a triable issue of material fact as to probable cause. *Id.* at 963–64.

The case was remanded to the district court. On February 9, 2021, the district court granted summary judgment for the nurse that performed the SANE. *Scafidi v. Las Vegas Metro. Police Dep't*, No. 2:14-cv-01933-RCJ-GWF, 2021 WL 472920, at \*8 (D. Nev. Feb. 9, 2021). On March 31, 2023, the district court granted summary judgment for the remaining Appellees. *Scafidi v. Las Vegas*

*Metro. Police Dep't*, No. 2:14-cv-01933-RFB-VCF, 2023 WL 2744737, at \*11 (D. Nev. Mar. 31, 2023).  Scafidi now appeals the district court's grant of summary judgment.

3. We review a grant of summary judgment de novo.  *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1029 (9th Cir. 2004).  Summary judgment is appropriate when "there is no genuine dispute [of] material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We hold that the district court correctly granted summary judgment for all Appellees and affirm.

First, Scafidi's § 1983 claims fail because undisputed evidence shows that Appellees did not violate his constitutional rights.  To prove a § 1983 claim based on the Fourth Amendment, "'[s]eizure' alone is not enough," it must also be unreasonable.  *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989).  Scafidi's "seizure" was not unreasonable, because his arrest was based on probable cause as a matter of law.  At the time of the arrest, the responding officer had found Carter locked and bleeding in Scafidi's hotel bathroom, and knew that Carter had called 911 and reported that Scafidi was trying to harm her.  Based on these undisputed facts, a reasonable detective could conclude that a "fair probability" existed that a sexual assault occurred, which is sufficient to establish probable cause to arrest. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

4

Scafidi's § 1983 claim based on deliberately fabricated evidence also fails as a matter of law because Scafidi has not presented evidence that an official "deliberately fabricated evidence." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). Scafidi alleges that Defendant Beza deliberately fabricated evidence in his search warrant application because the application stated that the SANE exam resulted in "positive findings," despite the fact that, in Scafidi's view, the SANE exam never "found or confirmed a sexual assault." But Scafidi's allegation does not raise a genuine factual dispute because the nurse's SANE exam indisputably says that her "clinical impression" was "sexual assault." Scafidi therefore has no direct evidence of fabrication. Scafidi also cannot establish his deliberate fabrication claim using circumstantial evidence because Scafidi presented no evidence that Defendants Pool and Beza should have believed Scafidi was innocent, given the results of the SANE exam and Carter's representations. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) (plaintiff can prove a fabrication claim using circumstantial evidence by showing that "[d]efendants continued their investigation . . . despite the fact that they knew or should have known that [the plaintiff] was innocent").

Because Scafidi has not raised triable issues as to whether Appellees violated his constitutional rights, his § 1983 conspiracy claim and his *Monell* claim

necessarily fail.  *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Finally, Scafidi's state law claims fail because, as explained above, Appellees had probable cause to arrest him for sexual assault as a matter of law. The existence of probable cause bars these claims because "an arrest made with probable cause is privileged and not actionable."  *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1144 (Nev. 1983).  In addition, the existence of probable cause is a required element, or affirmative defense, to Scafidi's false arrest, malicious prosecution, and IIED claims.  *See, e.g.*, *Schulz v. Lamb*, 504 F.2d 1009, 1011 (9th Cir. 1974) (false arrest claim); *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (malicious prosecution claim); *Palmieri v. Clark County*, 367 P.3d 442, 446 n.2 (Nev. Ct. App. 2015) (IIED claim).  Along the same lines, Scafidi's negligence claim similarly fails because it is factually premised on a lack of probable cause.

Because Scafidi's claims fail as a matter of law, we affirm the district court's grant of summary judgment for Appellees.

**AFFIRMED.**